PER CURIAM.'
Williams has appealed from judgment and sentence following his conviction of trafficking in more than 28 but less than 200 grams of cocaine. We affirm the trial court’s denial of Williams’ motion to suppress, and further hold that there was no error in the trial court’s admission of the *845 so-called Williams rule evidence cited by appellant.
We are, however, constrained by this court’s opinion in Johnson v. State, 525 So.2d 964 (Fla. 1st DCA 1988) to reverse the scoring of Williams’ 1971 robbery convictions as first-degree felonies punishable by life, and on remand to require that those convictions be scored as third-degree felonies. However, based upon doubt concerning the holding in Johnson that the degree of the felony described in the pertinent statute, Section 813.011, Florida Statutes (1969), is “impossible to determine” within Rule 3.701(d)(5)(a)(3), Florida Rules of Criminal Procedure, we certify the following question as one of great public importance:
Is the degree of the felony described in Section 813.011, Florida Statutes (1969) “impossible to determine” within the meaning of Rule 3.701(d)(5)(a)(3), Florida Rules of Criminal Procedure, so as to justify scoring a prior conviction under that statute as a third-degree felony without consideration of the particular circumstances of the conviction?
Affirmed in part, reversed in part and remanded for resentencing.
BOOTH, JOANOS and BARFIELD, JJ., concur.