570 So.2d 1013 (1990)
James Leo DODD, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2236.
District Court of Appeal of Florida, Fifth District.
October 18, 1990.
On Motion for Clarification December 20, 1990.
James B. Gibson, Public Defender and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Dodd appeals his departure sentence of forty years in prison for second degree murder. The presumptive guidelines sentence was seventeen to twenty-two years. We quash the sentence and remand for sentencing within the guidelines permitted range.
The trial court's written reason for departure was:
Defendant released from the Department of Corrections 2-3 months before the commission of this crime. He had served a twenty year sentence for second degree murder.
Although the short interval of time between being released from prison and the commission of a new substantive offense may be a valid consideration, it is only part of a necessary finding that a *1014 defendant has engaged in a continuing and persistent or escalating pattern of criminal activity. See State v. Simpson, 554 So.2d 506 (Fla. 1989); State v. Jones, 530 So.2d 53 (Fla. 1988); Lipscomb v. State, 15 F.L.W. 2227 (Fla. 5th DCA September 6, 1990); Brown v. State, 549 So.2d 743 (Fla. 2d DCA 1989). Here, the trial judge made no finding that Dodd's conduct constituted a pattern or that it was persistent.
Even if the judge had made such a finding, the record does not clearly support it. The sentencing hearing established that Dodd had previously served a twenty year sentence for second degree murder. After being released from prison, he moved into residence with his sister and her commonlaw husband, the victim.
Two to three months after Dodd's release from prison, he got into an argument and fight with the victim. The victim was heavily intoxicated, and had a violent temper when under the influence of alcohol. He first fought with Dodd's sister and hit her in the face, causing her mouth to bleed. She left their apartment.
According to Dodd, whose statement was the only one given about the killing, the victim later picked an argument with him. The victim threatened Dodd with a handgun and shot into the apartment walls. Dodd struggled with the victim, got control of the gun, and shot him. The state agreed there was some evidence to support Dodd's self-defense theory; and the victim was clearly intoxicated. Because of those facts, the state was willing to accept a guilty plea to second degree murder rather than pursue a first degree charge.
This crime, coupled with the earlier homicide, does not appear to create a pattern of similar crimes. The circumstances are unique, albeit unfortunate and inexcusable. We thus conclude Dodd should have received a guidelines sentence.
Sentence QUASHED; REMANDED for resentencing.
COWART, J., concurs.
COBB, J., dissents with opinion.
COBB, Judge, dissenting.
Based upon the cases of State v. Jones, 530 So.2d 53 (Fla. 1988) and Lipscomb v. State, 15 F.L.W. 2227 (Fla. 5th DCA Sept. 6, 1990), I would affirm the departure sentence.

ON MOTION FOR CLARIFICATION
W. SHARP, Judge.
We grant the appellee's motion for clarification and modify our prior opinion by certifying the following question as one of great public importance. Fla.R.App.P. 9.030(a)(2)(A)(v).
IN A CASE INVOLVING THE IMPOSITION OF AN UPWARD DEPARTURE SENTENCE IN A CRIMINAL PROSECUTION FOR A NEW SUBSTANTIVE OFFENSE, DOES THE SHORT TIME INTERVAL BETWEEN COMMISSION OF THE CRIME AND RELEASE FROM PRISON PROVIDE AN ADEQUATE BASIS FOR THE DEPARTURE, EVEN THOUGH THE TRIAL JUDGE FAILS TO MAKE AN EXPLICIT FINDING THAT THE DEFENDANT HAS ENGAGED IN A PERSISTENT PATTERN OF CRIMINAL ACTIVITY?
COBB and COWART, JJ., concur.