577 So.2d 1388 (1991)
Larry WILCOXSON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1165.
District Court of Appeal of Florida, First District.
April 22, 1991.
*1389 Michael E. Allen, Public Defender, Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., A.E. (Ned) Pooser, IV, Asst. Atty. Gen., Tallahassee, for appellee.

OPINION ON REHEARING
SMITH, Judge.
The appellant's motion for rehearing is granted, and the following opinion is substituted for the opinion originally released.[1]
Appellant raises several issues in this appeal from a judgment of conviction and sentence for manslaughter with a firearm. We affirm the conviction but remand for resentencing under a corrected scoresheet.
Appellant and several companions were mingling in the parking lot of the Busy Bee Tavern in Havana when Robert Browning, the victim, approached one of the gentlemen and demanded money. Browning had a sharpened piece of copper wire in his hand, the length and diameter of which was disputed at trial. Browning poked the gentleman stating that if he wasn't given money, Browning would kill the man. Several witnesses testified that Browning appeared to be intoxicated and was quite profane. Browning then told appellant that if anybody crossed him, he wouldn't mind killing *1390 that person. At this point, appellant and a companion decided to enter the tavern, but first the appellant wanted to lock the doors of his vehicle. As he was exiting the rear of his van, appellant caught sight of Browning approaching with the sharpened wire. According to the appellant, when he reached inside his van for something with which to hit Browning, his hand came up with his .44 caliber single-action revolver from a holster inside an ice cooler. Appellant testified that he only wanted to hit Browning with the gun, but the gun discharged, fatally wounding Browning. Appellant was apprehended and charged with manslaughter with use of a firearm, and was convicted as charged.
We find no merit in appellant's first two points on appeal. Appellant first contends that the evidence was insufficient to support the verdict. Our review of the record convinces us otherwise. Appellant next complains of error in the trial court's instructions, and in the verdict forms submitted to the jury, concerning the firearm element of the offense. This argument ignores the facts disclosed by the record. At trial, appellant's counsel specifically requested that the verdict form contain only one charge: manslaughter with a firearm. Appellant specifically waived all category two lesser included offenses. The jury was instructed without objection, and returned a verdict of guilty of manslaughter with a firearm. No reversible error has been shown under these facts.
Appellant next contends that the instruction given by the trial court concerning justifiable and excusable homicide was insufficient. The trial court instructed the jury using the "short form" justifiable and excusable homicide instructions contained in the introductory instructions for all homicide cases, Florida Standard Jury Instructions in Criminal Cases. The court also, in conjunction with the instruction on manslaughter, gave the following from the standard instructions:
However, the defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide as I have previously explained those terms.
Following this instruction the court fully instructed the jury on justifiable homicide, including every aspect of the defense of self-defense.
Appellant argues that the instruction which should have been given in his case is the three-part standard jury instruction on excusable homicide used in DUI manslaughter cases. Appellant cites to this court's holding in Ortagus v. State, 500 So.2d 1367 (Fla. 1st DCA 1987), approved in Rojas v. State, 552 So.2d 914 (Fla. 1989), that summary definitions on excusable and justifiable homicide given at the beginning of the jury's instructions, and not in connection with the instruction on manslaughter, do not satisfy a trial court's fundamental obligation to instruct on the applicable law. Appellant maintains that failure to give a complete and accurate instruction is fundamental error, reviewable regardless of a defendant's failure to object. We find, contrary to appellant's contentions, that the Florida Supreme Court has settled the issue adversely to the position urged by appellant here, in State v. Smith, 573 So.2d 306 (Fla. 1990).
It is correct, as appellant argues, that this court found fundamental error in Ortagus. However, the fundamental error in that case was in the trial court's failure to include, in connection with the instruction on the elements of manslaughter, any definitions or reference to the defenses of justifiable or excusable homicide. In Ortagus, unlike the present case, the trial court failed to give the added language quoted above in connection with the manslaughter instruction, in which the court specifically referred to its prior instructions on justifiable and excusable homicide. This court correctly found that fundamental error occurred in Ortagus. See Rojas v. State, 552 So.2d at 916. There was no fundamental error in the case before us.
If any doubt remained after Rojas concerning the sufficiency, absent objection, of the short-form instructions on justifiable *1391 and excusable homicide, followed by the reference to those instructions in conjunction with the manslaughter instruction, such doubt was laid to rest by the court's opinion in State v. Smith, supra. There, as here, the trial court gave the short-form instructions on justifiable and excusable homicide, followed by reference to these definitions in connection with the instruction on manslaughter. The court in State v. Smith held that no fundamental error occurred.[2]
It is clear, moreover, from the opinion in State v. Smith that the jury instructions approved in that case were sufficient, absent objection, notwithstanding the existence of evidence that would have supported an excusable homicide defense. We note that this question was not reached in Rojas, 552 So.2d at 916, n. 3. Similarly, in view of the explicit holding in State v. Smith, we find it unnecessary to determine whether the evidence in this case would have supported an excusable homicide defense.[3]
Appellant also argues that the trial court erred in departing from the recommended sentence of twelve to seventeen years incarceration when sentencing appellant to twenty years. In its written reasons for departure, the trial court stated that departure was based on the defendant's escalating pattern of criminal conduct during the past three and one-half decades. The trial court did not specify of what that conduct consisted, and such omission is erroneous. In Davis v. State, 517 So.2d 670, 672 n. 1 (Fla. 1987), the court stated that Rule 3.701(d)(11), Florida Rules of Criminal Procedure, requires that departure sentences be accompanied by a written statement "delineating" the reasons for departure. The court emphasized that reasons supporting departure should be explicitly listed and then followed, if necessary, by the relevant facts used to support the reason in order to facilitate appellate review. Such an explicit statement with factual support was not provided in the instant case.
The state argues, however, that appellant's guidelines score is incorrect, as one robbery was omitted from the calculation. According to the state, the appellant's presumptive sentence, therefore, should be 17-22 years, thereby bringing the departure sentence within the guidelines. The state then suggests that this court should decline to consider the departure ground on the authority of Slaughter v. State, 538 So.2d 509 (Fla. 1st DCA 1989), rev. dism., 557 So.2d 34 (Fla. 1990), which held that departure grounds need not be considered when the guidelines score is incorrect and under a correct scoresheet the departure sentence falls within the guidelines range.
The state's argument is premised on the assumption that the omitted robbery offense is a first degree crime punishable by life. However, as pointed out by appellant in his motion for rehearing, this omitted robbery offense appears to have been committed in 1969, at which time the offense of robbery was not separated into degrees. Appellant has properly argued that, under Johnson v. State, 525 So.2d 964 (Fla. 1st DCA 1988), an undifferentiated robbery conviction is to be scored as a third degree felony. See also, Williams v. State, 562 So.2d 844 (Fla. 1st DCA), rev. dism., 570 So.2d 1307 (Fla. 1990).
Review of the appellant's scoresheet indicates that the 1969 robbery conviction which was included also appears to have *1392 been improperly scored as a first degree felony punishable by life rather than a third degree felony. Thus, the scoresheet appears to have been improperly prepared in two respects. Therefore, remand for the purpose of preparing a correct scoresheet is required at which time appellant will have the opportunity to challenge the scoring of his prior offenses.
Accordingly, appellant's conviction is AFFIRMED, but the case is REMANDED for resentencing under a corrected scoresheet.
SHIVERS, C.J., and BARFIELD, J., concur.
NOTES
[1] Original opinion filed January 18, 1991, 16 F.L.W. D289.
[2] This holding should not be confused with the situation in which there is evidence that would support a defense of excusable homicide and the defendant objects to the short-form, and requests the giving of the long-form instruction. See State v. Smith, 573 So.2d at 311, commenting on Blitch v. State, 427 So.2d 785 (Fla. 2d DCA 1983), and Bowes v. State, 500 So.2d 290 (Fla. 3d DCA 1986), rev. denied, 506 So.2d 1043 (Fla. 1987).
[3] We note that in order to avoid the possibility of further confusion on this issue, the Florida Supreme Court took the admirable step of amending both the short-form and the long-form standard jury instructions on "excusable homicide." State v. Smith, 573 So.2d at 311-12.