590 So.2d 461 (1991)
Andreas OBOJES, a/k/a Andreas Reeves, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3250.
District Court of Appeal of Florida, First District.
November 20, 1991.
Rehearing Denied December 19, 1991.
*462 Nancy A. Daniels, Public Defender and Nancy L. Showalter, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
Appellant, Andreas Obojes, a/k/a Andreas Reeves, appeals his convictions for one count each of armed burglary, armed robbery, and armed kidnapping, and three counts of sexual battery with a deadly weapon, and the departure sentences imposed therefor. He contends that the trial court erred by denying his motion in limine to exclude portions of a diary read during trial[1] and by imposing departure sentences, because the general statement made in support of the reasons for departure lacked factual support, and because neither reason given is valid. We affirm the convictions, but reverse and remand for resentencing.
Addressing the evidentiary challenge first, we conclude that the diary excerpts admitted into evidence were relevant in that they tended to show appellant committed the crimes in question. § 90.401, Fla. Stat. (1987); Gibbs v. State, 394 So.2d 231 (Fla. 1st DCA), aff'd, 406 So.2d 1113 (Fla. 1981). Moreover, the probative value of that evidence was not "substantially outweighed by the danger of unfair prejudice," because the evidence was necessary to the prosecution's case, did not suggest an improper basis for the jury to resolve the matter, was supportive of inferences raised by the victim's testimony, and no limiting instruction was requested. See § 90.403, Fla. Stat. (1987); State v. Sawyer, 561 So.2d 278, 284 (Fla. 2d DCA 1990). Consequently, we hold that the trial court did not err by denying appellant's motion in limine.
In regard to the departure sentences, the trial court gave the following written reasons for imposition of those sentences:

*463 The justification for this Court's Departure from the sentencing guidelines is as follows:
Numerous witnesses were called by the State during the course of the trial. In addition, the Defendant, Obojes took the witnesses' stand and testified on his own behalf. This testimony along with the physical evidence also introduced by the State, provides a record which supports that the offenses for which the Defendant is to be sentenced, were committed in a calculated manner without pretense of moral or legal justification. Premeditation or calculation is not an inherent component of the crime of sexual battery. Florida courts have clearly held that the calculated manner of the commission of a crime is a valid reason for an upward departure when premeditation is not an inherent component of that crime. Casteel v. State, 498 So.2d 1249 (Fla. 1986); Lerma v. State, 497 So.2d 736 (Fla. 1986).
In addition, it is appropriate for this Court to take into consideration the professional manner in which the Defendant committed these crimes. The professional manner in which the Defendant carried out the offenses is also supported by the record and is a reason to exceed the sentencing guidelines. Dickey v. State, 458 So.2d 1156 (Fla. 1st DCA 1984).
This Court finds that above outlined justifications are clear and convincing reasons for exceeding the recommended guideline sentence.
Appellant initially contends that the departure sentences imposed are illegal, because the trial court failed to refer to facts in the record in support of the two reasons given for departure. In support of his argument, appellant cites Davis v. State, 517 So.2d 670 (Fla. 1987). In that case, the trial judge imposed a departure sentence in connection with convictions for second degree murder and use of a firearm during the commission of a felony. In finding the reasons given for the departure to be invalid, the court noted that the district court had found it "possible to extract" four reasons for departure "from the judge's lengthy written justification." Id. at 672. In regard to that statement, the court made the following comment in a footnote:
Fla.R.Crim.P. 3.701(d)(11) provides:
"Any sentence outside of the guidelines must be accompanied by a written statement delineating the reasons for the departure." (Emphasis added.) We again emphasize that the reasons supporting departure should be explicitly listed and then followed, if deemed necessary, by the relevant facts used to support the reason in order to facilitate appellate review. The form of narrative exposition presented in the instant case to justify departure makes it difficult for a reviewing court to determine which portions of the narrative are relied upon for departure and which portions are simply descriptive of the scenario. See Lerma v. State, 497 So.2d 736 (Fla. 1986).
Id. at n. 1.
Appellant also cites Wilcoxson v. State, 577 So.2d 1388 (Fla. 1st DCA 1991) (on rehearing), in which the trial court imposed a departure sentence on a conviction for manslaughter with a firearm based on the "defendant's escalating pattern of criminal conduct during the past three and one-half decades." Id. at 1391. In considering that reason, this court stated:
The trial court did not specify of what that conduct consisted, and such omission is erroneous. In Davis v. State, 517 So.2d 670, 672 n. 1 (Fla. 1987), the court stated that Rule 3.701(d)(11), Florida Rules of Criminal Procedure, requires that departure sentences be accompanied by a written statement "delineating" the reasons for departure. The court emphasized that reasons supporting departure should be explicitly listed and then followed, if necessary, by the relevant facts used to support the reason in order to facilitate appellate review. Such an explicit statement with factual support was not provided in the instant case.
Id.
Appellant has argued that this court in Wilcoxson has interpreted Davis to mean that relevant facts used to support a departure reason must be explicitly set *464 forth. No rule or statute explicitly requires the reciting of facts to support a departure reason, and in both Davis and Wilcoxson it was stated that the facts should be recited if "necessary." Moreover, the court in Davis was concerned with the fact that the reasons for departure were not even explicitly set forth and there was a question as to how many reasons were given, while in Wilcoxson, the stated reason, "escalating pattern of criminal conduct over three and a half decades," necessarily requires an explicit factual description. In the instant case, however, the reasons given, premeditation or calculation and professional manner, are not the kind of reasons which necessarily requires support by reference to relevant facts. Moreover, the facts relied on are apparent in the record: the statements in the diary, the wearing of gloves, the use of handcuffs, etc. Under the circumstances, Davis and Wilcoxson do not require reversal of the departure sentences imposed at bar.
Reversal is required, however, because neither reason given in support of the departure sentences is valid. See § 921.001(5), Fla. Stat. (Supp. 1988). Considering first the second reason given  professional manner  we note that reason was recently found to be an invalid reason for departure in any case. Hernandez v. State, 575 So.2d 640 (Fla. 1991).
As to the first reason stated  premeditation or planned calculation  the law is clearly established that if a trial court intends to impose a departure sentence for the offense of robbery, it may not rely upon premeditation or advance planning as a valid reason for departure, because it is an inherent component of the crime of robbery and is thus already embodied in the guidelines. Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984), approved, 476 So.2d 165 (Fla. 1985); Knowlton v. State, 466 So.2d 278 (Fla. 4th DCA), review denied, 476 So.2d 675 (Fla. 1985). Consequently, under Carney and Knowlton, the departure sentence imposed for the armed robbery charge must be reversed, because neither of the reasons cited therefor are valid.
Similarly, because the armed burglary and armed kidnapping charges were both alleged to have been committed with the intent to commit a sexual battery or robbery, premeditation or advance planning would likewise be included as an inherent component of those crimes. Thus, the departure sentences imposed for those convictions must likewise be reversed.
Premeditation or calculation has been found not to be an inherent component of the crime of sexual battery. Casteel v. State, 498 So.2d 1249, 1252-53 (Fla. 1986); Lerma v. State, 497 So.2d 736, 739 (Fla. 1986). Nevertheless, we question the continued vitality of the holdings in the above cases in light of the supreme court's more recent decision in Hernandez in which it made the following comments regarding premeditation or advance planning:
We believe there is little distinction between planning and premeditation and the professional manner in which a crime is committed. As we have stated, the facts relied upon in this case and in many of the district court cases cited above reveal planning on the part of each defendant, not skillfulness. This type of planning is common to most crimes and thus cannot constitute a valid reason for departure.
Hernandez, 575 So.2d at 642 (citation omitted). In so holding, the supreme court relied upon its earlier decision in State v. Fletcher, 530 So.2d 296 (Fla. 1988), wherein it held, as applied to departure sentences for the offenses of drug trafficking and conspiracy to traffic, that all such offenses "`inherently' involve calculated premeditation and planning." Id. at 297 (quoting Fletcher v. State, 508 So.2d 506, 507 (Fla. 4th DCA 1987)).
Thus it appears that the supreme court has now decided that premeditation or advance calculation is not a legitimate reason for departure for practically all crimes. Consequently, because neither reason given for departure in the sexual battery convictions constitutes a valid reason for departure, the sentences imposed must also be reversed and the case remanded for resentencing within the guidelines. *465 Hernandez, 575 So.2d at 643. Nevertheless, because Hernandez did not explicitly address the offense of sexual battery but rather certain drug offenses, nor did it expressly recede from certain language in Casteel and Lerma, we certify the following question to the Florida Supreme Court as one of great public importance:
WHETHER, IN LIGHT OF THAT LANGUAGE CONTAINED IN HERNANDEZ v. STATE, 575 So.2d 640, 642 (FLA. 1991), CONCERNING PREMEDITATION OR ADVANCE PLANNING, THAT REASON REMAINS A VALID REASON JUSTIFYING THE IMPOSITION OF A DEPARTURE SENTENCE IN SEXUAL BATTERY CASES?
The appellant's convictions are AFFIRMED; the sentences are vacated and the case REMANDED for resentencing in accordance with this opinion.
SHIVERS and WIGGINTON, JJ., concur.
NOTES
[1] Appellant also seeks to challenge certain testimony relating to a statement he made to Detective Coxen. This issue was not preserved either by contemporaneous objection or motion in limine.