594 So.2d 263 (1992)
STATE of Florida, Petitioner,
v.
James Leo DODD, Respondent.
No. 77249.
Supreme Court of Florida.
January 9, 1992.
Robert A. Butterworth, Atty. Gen. and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender and Daniel J. Schafer, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for respondent.
PER CURIAM.
We have for review Dodd v. State, 570 So.2d 1013, 1014 (Fla. 5th DCA 1990), which certified the following question of great public importance:
IN A CASE INVOLVING THE IMPOSITION OF AN UPWARD DEPARTURE SENTENCE IN A CRIMINAL PROSECUTION FOR A NEW SUBSTANTIVE OFFENSE, DOES THE SHORT TIME INTERVAL BETWEEN COMMISSION OF THE CRIME AND RELEASE FROM PRISON PROVIDE AN ADEQUATE BASIS FOR THE DEPARTURE, EVEN THOUGH THE TRIAL JUDGE FAILS TO MAKE AN EXPLICIT FINDING THAT THE DEFENDANT HAS ENGAGED IN A PERSISTENT PATTERN OF CRIMINAL ACTIVITY?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. Based on our opinion in Barfield v. State, 594 So.2d 259 (Fla. 1992), we answer the certified question in the negative and approve the result reached below.
It is so ordered.
SHAW, C.J., and BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
McDONALD, J., dissents with an opinion, in which OVERTON, J., concurs.
McDONALD, Justice, dissenting.
I cannot agree that the upward departure from the guidelines sentence imposed by the trial judge in this case was error. *264 Barfield v. State, 594 So.2d 259 (Fla. 1992), should be distinguished. In this case, Dodd, within three months of being released from prison, where he was serving a sentence for second-degree murder, committed another second-degree murder. These were both cases of extreme violence.
The concept behind departures is to allow a trial judge to tailor a sentence according to additional facts not considered in the guidelines. Although past criminal record is scored, the brevity of time between the release from prison for a prior serious crime of violence and the commission of a second serious crime of violence is not considered in the guidelines. It is reasonable for a trial judge to conclude that a person committing such crimes in this time sequence constitutes a higher risk of danger to the public than other criminals and justifies a longer period of sequestration from society. We allow an upward guidelines departure when an increasing pattern of criminal activity is demonstrated. This is because these individuals also demonstrate a higher risk of danger to the public than others. I equate the two situations.
Although we held in Smith v. State, 579 So.2d 75 (Fla. 1991), and Barfield that time proximity alone is an inadequate ground for departure, I hasten to observe that Smith was a property crime; Barfield dealt with drugs, a serious offense, but not one of violence. Thus, I conclude that the temporal proximity of a crime of violence by one previously convicted of a crime of violence should be grounds for upward departure.
OVERTON, J., concurs.