593 So.2d 301 (1992)
Willie B. HARRIS, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 90-02805.
District Court of Appeal of Florida, Second District.
January 24, 1992.
James Marion Moorman, Public Defender, and Andrea Norgard, Asst. Public Defender, Bartow, for appellant/cross-appellee.
Willie B. Harris, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellee/cross-appellant.
THREADGILL, Judge.
Harris challenges his convictions and sentences for armed robbery and resisting an officer without violence. We affirm the convictions in all respects, but remand for resentencing.
At sentencing the trial court denied the state's motion to sentence Harris as an habitual felony offender and instead sentenced Harris within the permitted range of the guidelines. On cross-appeal, the state correctly argues that the trial court erred in holding that a first degree felony punishable by a term of years not exceeding life is not subject to enhancement pursuant to section 775.084, Florida Statutes (1989). "[A] first degree felony, no matter what the punishment imposed by the substantive law that condemns the particular criminal conduct involved, is still a first degree felony and subject to enhancement by Section 775.084(4)(a)(1), Florida Statutes." Burdick v. State, 584 So.2d 1035, 1038 (Fla. 1st DCA 1991); see also Lock v. State, 582 So.2d 819 (Fla. 2d DCA 1991); Paige v. State, 570 So.2d 1108 (Fla. 5th DCA 1990).
We therefore affirm the convictions but remand for resentencing.
SCHOONOVER, C.J., and DANAHY, J., concur.