593 So.2d 301 (1992)
Lester WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-03358.
District Court of Appeal of Florida, Second District.
January 24, 1992.
*302 James Marion Moorman, Public Defender, and Cynthia J. Dodge, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals the upward departure sentence of 45 years imprisonment he received upon revocation of his probation. We agree with his argument that the trial court erred in departing upwards and reverse and remand for resentencing within the guidelines.
None of the trial court's three reasons for the upward departure was valid. The first reason was that defendant, by virtue of his release from prison under the Supervised Community Release Program (SCRAP), was "still technically an inmate" at the time he committed the two new substantive offenses of burglary of a conveyance and auto theft. That reason is invalid as it appears to do no more than rely on his status of being under legal constraint, a consideration already factored into the guidelines. The record indicates that legal constraint points were in fact assessed against defendant.
The second reason was that defendant violated his probation just one month after his release from prison. Since this reason of course did not exist at the time of defendant's original placement on probation, the supreme court's opinion in Williams v. State, 581 So.2d 144 (Fla. 1991), is distinguishable, and the trial court erred in departing beyond the one-cell bump up. Ree v. State, 565 So.2d 1329 (Fla. 1990); Lambert v. State, 545 So.2d 838 (Fla. 1989).
In any event, the focus of the second reason for departure was on "temporal proximity," which by itself is insufficient unless under section 921.001(8), Florida Statutes (1989), there is "an escalating pattern of criminal conduct." See Barfield v. State, 594 So.2d 259 (Fla. 1992). The second reason fails to identify such a pattern and must therefore fail.
The third reason for departure was the trial court's view that defendant had a "horrendous prior record." That reason is invalid as a defendant's prior record is already factored into the guidelines.
Also, the trial court erred in using an amended scoresheet with a total of 141 *303 points, which would place him in the seven to nine years range. Under Manuel v. State, 582 So.2d 823 (Fla. 2d DCA 1991), the trial court should have used the original scoresheet, which would have placed him in the five and one-half to seven years range. We note that that scoresheet, however, incorrectly assessed nine legal constraint points, instead of the six that were called for. The trial court is directed on remand to correct that scrivener's error.
Finally, at the revocation hearing the trial court found that two violations of probation had been proved, whereas the written order of revocation of probation lists other violations as well. The written order must conform to the oral pronouncements made in open court. Williams v. State, 525 So.2d 458 (Fla. 2d DCA 1988). On remand the court should strike the written findings to the extent they are inconsistent with the oral findings made at the revocation hearing.
Reversed and remanded for resentencing within the guidelines.
SCHOONOVER, C.J., and DANAHY, J., concur.