PER CURIAM.
Eulyn Wiggins appeals his convictions and sentences for three counts of obtaining motor vehicles by fraud. We find merit only in his contention that the written reasons given in support of the departure sentence imposed by the trial court are invalid.
Wiggins was sentenced to five years’ imprisonment on each of the three counts, the terms to run consecutively. Wiggins’ score-sheet reflected a permitted range of four and *667 one-half to nine years’ imprisonment. In support of departure from this range, the trial court wrote, “demonstrated unabating criminal history; rehabilitation have [sic] been for naught and for protection of the public.” None of these reasons is a valid basis for a departure from the permitted sentencing range.
Any reason related to a defendant’s criminal history must identify an escalating pattern of criminal activity. Walker v. State, 593 So.2d 301 (Fla. 2d DCA 1992). By its very terms, “unabating criminal history” clearly does not identify an escalating pattern. Furthermore, the prior record on Wiggins’ scoresheet lists, among many other offenses, robbery and assault and battery. Obtaining a vehicle by fraud is not an escalation from these offenses.
Unsuccessful rehabilitation is also not a valid reason for departure. Ellis v. State, 559 So.2d 292 (Fla. 5th DCA 1990).
Protection of the public is a valid reason only if it is coupled with another reason. Harris v. State, 531 So.2d 1018 (Fla. 2d DCA 1988). However, as we have shown, the other two reasons given for departure in this case are not valid.
Accordingly, we affirm Wiggins’ convictions but remand for resentencing within the guidelines.
RYDER, A.C.J., and PARKER and LAZZARA, JJ., concur.