ON REMAND

PER CURIAM.
Upon review of the question certified by us in Cave v. State, 578 So.2d 766 (Fla. 1st DCA 1991), namely:
Does the temporal proximity of crimes alone provide a valid reason for departure from the sentencing guidelines without a finding of a persistent pattern of criminal conduct?
The Supreme Court, citing its recent decision in Barfield v. State, 594 So.2d 259 (Fla.1992), answered this question in the negative, quashed our opinion affirming the departure sentences imposed on Cave, and remanded for reconsideration in light of Barfield. Cave v. State, 613 So.2d 454 (Fla.1993). In Barfield, the Supreme Court held:
While an offense committed soon after release from incarceration or supervision may show a disregard for the law and justify a judge’s displeasure and desire for a departure sentence, such a persistent but nonesealating pattern of criminal activity is not a sufficient reason to depart from the guidelines.... We recognize that section 921.001(8), Florida Statutes (1987), authorizes departure from the sentencing guidelines “when credible facts ... demonstrate that the defendant’s prior record ... and the current criminal offense for which the defendant is being sentenced indicate an escalating pattern of criminal conduct.” ... [T]he “escalating pattern” recognized by section 921.001(8) as a valid basis for departure can be demonstrated in three ways: 1) a progression from nonviolent to violent crimes; 2) a progression of increasingly violent crimes; or 3) a pattern of *11 increasingly serious criminal activity. Under this third category, “increasingly serious criminal activity” is indicated when the current charge involves an increase in either the degree of crime or the sentence which may be imposed, when compared with the defendant’s previous offenses.
In the instant case, the trial court’s written reason for departure was as follows:
Released from DOC 19 days before this offense committed. State v. Williams [Williams v. State], 504 So.2d 392 (Fla. 1987). F.S. § 921.001.
Thus, the issue now before us is whether, when the trial court expressly relies upon temporal proximity but does not make a specific finding that the defendant has engaged in an escalating pattern of criminal conduct, the departure sentence may nevertheless be affirmed if the documents of record pertaining to defendant’s criminal history, on their face, demonstrate an escalating pattern of criminal conduct. We hold that in such cases the departure sentence should be affirmed.
In the Barfield case, the reason given by the trial judge for imposing the departure sentence, as reported by the Fourth District Court of Appeal in Barfield v. State, 564 So.2d 616 (Fla. 4th DCA 1990), was:
The substantive offenses for which the Defendant now stands convicted occurred on April 5,1990. Since the Defendant was recently released from prison at the time he committed the substantive offense, the Court finds cause to aggravate his sentence. Furthermore, the Defendant is found to be a continuing threat to the community and appears to show absolutely no sign of rehabilitation since he has committed another Trafficking in Cocaine offense within a very short time of his release from prison.
The Fourth District expressly held that the temporal proximity of Barfield’s offenses alone justified departure but certified the issue to the Supreme Court.[1]
The Florida Supreme Court, in Barfield v. State, 594 So.2d 259 (Fla.1992), held that the temporal proximity of Barfield’s offenses alone was not a valid reason for departure. The Supreme Court nevertheless affirmed the departure sentence, because the record reflected that the drug trafficking offenses for which Barfield was sentenced were more serious because they carried greater penalties than Barfield’s prior drug trafficking offenses. Barfield, 594 So.2d at 261-262.
In the instant case, appellant’s guideline scoresheet shows an escalating pattern of criminal conduct. The present offenses for which appellant has been sentenced include burglary of an occupied dwelling while armed, a first-degree felony punishable by life, robbery with a deadly weapon, also a first-degree felony punishable by life, and aggravated battery, a second-degree felony. Appellant’s prior record included a conviction for an unspecified third-degree felony and four misdemeanor convictions. We therefore affirm appellant’s departure sentence based on an escalating pattern of criminal conduct.
State v. Dodd, 594 So.2d 263 (Fla.1992), relied on by appellant, is distinguishable because the court, on appeal, found that the record did not support the alternative ground for departure in that case. The trial court’s written reason for departure, reported in Dodd v. State, 570 So.2d 1013 (Fla. 5th DCA 1990), was that the defendant had been released from prison two to three months before the commission of the second-degree murder for which he was being sentenced. The defendant had previously served a 20-year sentence for second-degree murder. The Fifth District reversed the departure sentence and held that temporal proximity between the defendant’s release from prison and the offense for which he was being sentenced was not, in the absence of a finding of an escalating pattern of criminal activity, a sufficient reason for departure. The court went on to state that even if the judge had made such a finding, the record would not have supported it. 570 So.2d at 1014. This was the result that the Supreme Court approved in Dodd, 594 So.2d at 263 (Fla.1992).
The result we reach today is not inconsistent with our decision in Wilcoxson v. State, *12 577 So.2d 1388 (Fla. 1st DCA 1991), in which we disapproved a departure sentence based upon a pattern of escalating criminal conduct, because the trial court failed to set forth relevant facts which supported such finding. This court in Obojes v. State, 590 So.2d 461, 464 (Fla. 1st DCA 1991), quashed in part on other grounds, 604 So.2d 474 (Fla.1992), held that no statute or rule requires the reciting of facts underlying reasons for departure. In Obojes, we ruled that Wilcoxson and Davis v. State, 517 So.2d 670 (Fla.1987), on which Wilcoxson is based, only require the recitation of facts underlying reasons for departure if necessary for understanding of the reasons stated for departure. No such explication is necessary in this case, and reading Wilcoxson in this manner would be inconsistent with the Supreme Court’s disposition of Barfield.
For the foregoing reasons, the departure sentence is affirmed. We certify to the Supreme Court the following question: When the trial court expressly relies upon temporal proximity and makes no specific findings with regard to an escalating pattern of criminal conduct, may the departure sentence nevertheless be affirmed if the documents of record pertaining to defendant’s criminal history, on their face, demonstrate an escalating pattern of criminal conduct?
BOOTH and SMITH, JJ., concur.
ZEHMER, C.J., dissents with written opinion.

. The other stated reasons for departure, unsuccessful rehabilitation and protection of the pub-lie, are not valid reasons for departure. Wiggins v. State, 632 So.2d 666 (Fla. 2d DCA 1994).