ZEHMER, Chief Judge
(dissenting).
I dissent because I do not interpret the supreme court’s decision in Barfield v. State, 594 So.2d 259 (Fla.1992), as authorizing, much less requiring, this court to scrutinize the record to find evidence of a valid reason for departure that was not clearly articulated by the trial judge. If that was the intent of the supreme court’s decision in Barfield, the court did not explicitly recognize and discuss that it was making a substantial change in the law governing the application of sentencing guidelines. Heretofore, the appellate courts could simply review the legality and evidential sufficiency of the reasons stated for the departure sentence articulated by the trial court; the appellate courts could not search the record to find another reason for affirmance not articulated by the trial court. Under the majority’s application of Barfield to the facts in this case, that is no longer the rule.
In the instant case, the trial court’s written reason for departure from the guidelines sentence recited only the following on the face of the sentencing guidelines scoresheet:
RELEASED FROM DOC 19 DAYS BEFORE THIS OFFENSE COMMITTED. STATE V. WILLIAMS [Williams v. State], 504 SO.2D 392 (FLA.1987). F.S. 921.001.
Obviously, this statement describes only the close proximity in time between Cave’s release from prison and the commission of the offense. Nevertheless, the state now contends that this cryptic notation clearly means that the trial court relied on the escalating pattern of criminal conduct evidenced by Cave’s continuing and persistent pattern of criminal acts as the reason for the departure sentence. But the trial court’s recited reason makes no mention of an escalating pattern of criminal conduct, fails to delineate any facts that would support such a finding, and is, therefore, legally insufficient to support the conclusion that the trial court relied on an escalating pattern of criminal conduct as a reason for departure. In fact, the prosecuting attorney’s argument at the sentencing hearing completely belies the state’s argument to us on this appeal:
[Prosecutor:] Just so the record is clear, I’m not going to go into a long dissertation for reasons for departure, but our position is that there is one valid reason here for departure, and that is the fact that we’re talking about a recent release from DOC, the McMillan fy State] case at 516 So.2d 1064 [ (Fla. 4th DCA 1987) ], where the DCA, Fourth DCA upheld that the defendant’s release several days before the offenses in this case that he was sentenced on was a sufficient reason to depart.
The White [v. State] case at 481 So.2d 993 [(Fla. 5th DCA 1986)], Fifth DCA case, where the defendant was released from prison two days earlier. That was upheld in that case.
*13 Also the First DCA, the Gibson case, where this defendant in this case was released from prison fourteen months before he committed these offenses. That was upheld there.
And lastly the Jessie Williams case, the Supreme court of Florida, a case that came out of the First DCA. In fact, it was my case that I prosecuted in front of Judge Sanders where Jessie Williams in that ease was released from prison ten months before he was sentenced in the ease that he was on trial for, an ag battery case, and that was upheld by the Florida Supreme court as well. The cite in that case is 504 So.2d 3329 [sic].
So I think it also almost goes without saying that there is a sufficient reason in the record to depart in this case and not follow the recommended guideline sentence here of four and-a-half to nine years....
In my view, our decision on remand of this case is governed by the supreme court’s decision in State v. Dodd, 594 So.2d 263 (Fla. 1992), which was filed contemporaneously with and in reliance on Barfield. ' In Dodd, the supreme court considered the following certified question: '
In a case involving the imposition of an upward departure sentence in a criminal prosecution for a new substantive offense, does the short time interval between commission of the crime and release from prison provide an adequate basis for the departure, even though the trial judge fails to make an explicit finding that the defendant has engaged in a persistent pattern of criminal activity?
594 So.2d at 263. The court answered the question in the negative, citing Barfield, and approved the Fifth District’s decision, reported at 570 So.2d 1013, wherein that court reversed a departure sentence because no other valid reason was recited by the trial court and remanded for resentencing within-the guidelines. I am aware that in Dodd the Fifth District also stated that the record did not support an escalating pattern, but its discussion of the failure of proof merely followed and reinforced the court’s determination that the trial court had not articulated an escalating pattern of criminal conduct as a reason for departure. Surely, that case cannot stand as authority for the appellate court to affirm a departure sentence based on an unarticulated reason, as discussed in the majority opinion in this case.
I also reject the state’s argument that “[b]y citing Williams, the trial court here tersely but sufficiently relied upon Cave’s continuing and persistent pattern of criminal acts as a departure reason.” (Supplemental Answer Brief of Appellee, p. 6). In the first place, at the time this sentence was imposed, it appeared that temporal proximity between the commission of the offense and recent release from prison was, standing alone, a valid reason for departing from the guidelines, and the Williams opinion can be so read, as was indicated to the trial court by the prosecuting attorney. Hence, the trial court’s citation to that case immediately following the stated reason for departure adds nothing beyond the trial court’s explicitly stated reason. In the second place, for us to accept the state’s argument would conflict with our decision in Wilcoxson v. State, 577 So.2d 1388 (Fla. 1st DCA 1991). In that case, we disapproved a departure sentence based on a pattern of escalating criminal conduct because the trial court failed to set forth the relevant facts used to support that reason when such explanation was necessary to facilitate appellate review. The opinion stated:
Appellant also argues that the trial court erred in departing from the recommended sentence of twelve to seventeen years incarceration when sentencing appellant to twenty years. In its written reasons for departure, the trial court stated that departure was based on the defendant’s escalating pattern of criminal conduct during the past three and one-half decades. The trial court did not specify of what that conduct consisted, and such omission is erroneous. In Davis v. State, 517 So.2d 670, 672 n. 1 (Fla.1987), the court stated that Rule 3.701(d)(ll), Florida Rules of Criminal Procedure, requires that departure sentences be accompanied by a written statement “delineating” the reasons for departure. The court emphasized that *14 reasons supporting departure should be explicitly listed and then followed, if necessary, by the relevant facts used to support the reason in order to facilitate appellate review. Such an explicit statement with factual support was not provided in the instant case.
577 So.2d at 1391. Moreover, I note that in Williams, the supreme court quoted the trial court’s extensive written findings of fact in support of the departure sentence approved in that case, and that extensive recitation was. quite unlike the cryptic written statement by the trial court in this ease.
I am aware that in Barfield, the supreme court, although answering the certified question in the negative, nevertheless affirmed the departure sentence based on a review of the record showing Barfield’s past criminal offenses. The court concluded that the record was legally sufficient to indicate an escalating pattern of criminal conduct because the later offenses carried a more severe authorized sentence.[2] By comparison, in this ease the sentencing guidelines scoresheet shows on its face that Cave had been previously convicted of a third degree felony, and that the instant offenses for which Cave was being sentenced were first and second degree felonies. Certainly, such an escalating pattern of criminal conduct would be a sufficient reason under Barfield to warrant a departure sentence; and if this court were free to search the record for departure reasons other than those explicitly stated in writing by the trial court, Cave’s departure sentence should be affirmed under Barfield. But to read the Barfield opinion as permitting the appellate court to make an independent review of the record and fashion a reason for departure not articulated by the trial judge results in a major change in the law.
Accordingly, I decline to interpret the Bar-field opinion as receding from the standard of review set forth in Davis v. State and Wilcoxson v. State; I do not agree that Barfield eliminates the requirement to state the factual circumstances underlying the reason for departure, or that it sets forth a new standard of appellate review for guidelines departure sentences.[3] In my view, the contemporaneously issued decision in Dodd supports the conclusion that no major change in the standard of review of departure sentences was intended by the Barfield opinion, and that the district court of appeal must review only the legal sufficiency of the explicitly stated reason for departure. Because the trial court in this case failed to explicitly state a sufficient basis for relying on an escalating pattern of criminal conduct as the reason for imposing the departure sentence, Cave’s sentence should be reversed and this cause remanded for resentencing within the sentencing guidelines.
This case presents an important issue because requiring the district courts of appeal to perform an independent review of the record to determine whether the record supports a reason for departure not articulated by the trial court will inevitably mean that we must do so in respect to reasons for departure other than those involved in this *15 case. There is no rational basis for confining this standard of review to departure sentences involving proximity of time and escalating patterns of criminal activity; it should apply with equal force when reviewing any other reasons for departure. In any event, I agree with the majority that the issue herein presented should be certified to the supreme court.

. In this regard, I note that the trial court's statement of the reasons for departure in Barfield is somewhat more elaborate than the trial court's recitation in the instant case. As noted in the district court of appeal’s opinion in Barfield, the written reason recited:
“The substantive offenses for which the Defendant now stands convicted occurred on April 5, 1990. Since the Defendant was recently released from prison at the time he committed the substantive offense, the Court finds cause to aggravate his sentence. Furthermore, the Defendant is found to be a continuing threat to the community and appears to show absolutely no sign of rehabilitation since he has committed another Trafficking in Cocaine offense within a very short time of his release from prison.”
Barfield v. State, 564 So.2d 616 (Fla. 4th DCA 1990). The recitation that the defendant is a continuing threat to the community referred to the sequence of specific convictions and thus warranted review of the record to determine if the later offenses were more serious than the earlier offenses.

. Likewise, I do not find anything stated in Obojes v. State, 590 So.2d 461 (Fla. 1st DCA 1991), quashed in part on other grounds, 604 So.2d 474 (Fla.1992), to be inconsistent with the application of Wilcoxson in this case. Indeed, Obojes discussed the import of our opinion in Wilcoxson and expressly noted that reliance on an escalating pattern of criminal conduct necessarily requires an explicit factual description in the written reasons for giving a departure sentence.