PER CURIAM.
We have for review the following question certified to be of great public importance:
When the trial court expressly relies upon temporal proximity and makes no specific findings with regard to an escalating pattern of criminal conduct, may the departure sentence nevertheless be affirmed if the documents of record pertaining to defendant’s criminal history, on their face, demonstrate an escalating pattern of criminal conduct?
*1214 Cave v. State, 642 So.2d 10, 12 (Fla. 1st DCA 1994). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Nineteen days after being released from prison, Frederick Cave attacked a woman in her Gainesville apartment. After conviction for the attack, the sentencing court imposed a departure sentence of two consecutive life terms for armed burglary and robbery and a concurrent fifteen-year sentence for aggravated battery. As grounds for the departure, the court stated: “Release from DOC 19 days before this offense committed. [Williams v. State ], 504 So.2d 392 (Fla.1987). F.S. 921.001.”
On initial appeal, the First District affirmed but certified a question to this Court asking whether temporal proximity alone could justify departure in the absence of an explicit finding of a “persistent pattern of criminal conduct.” We answered in the negative and remanded for further proceedings in light of Barfield v. State, 594 So.2d 259 (Fla.1992). On remand, the First District again affirmed but certified the question quoted above.
Our opinion in Barfield rejected temporal proximity alone as a valid reason for departure, but proceeded to affirm a departure sentence because it was based on a crime more serious than the defendant’s earlier offenses. Barfield was premised on the conclusion that some trial judges may inadvertently couch the departure reason in terms of temporal proximity when in fact the real focus of the court’s concern is an “escalating pattern” of criminal conduct, as we have defined that term in State v. Darrisaw, 660 So.2d 269 (Fla.1995). In other words, we affirmed the departure in the absence of a precise finding of an escalating pattern because the record demonstrated that the requisite pattern existed, which permitted a reinterpretation of the more ambiguous finding actually made by the trial court.[1] For this reason, we hold that the district court’s majority below was correct in examining the record to determine if the requisite pattern existed notwithstanding the failure of the trial court to make the precise finding. Accord Gordon,' v. State, 594 So.2d 262 (Fla. 1992).
The confusion suggested by the certified question apparently has arisen because of State v. Dodd, 594 So.2d 263 (Fla.1992), which issued contemporaneously with Bar-field. There, we approved the reversal of a departure sentence based on the rationale of Barfield. However, in Dodd both the prior offense and the present offense were of the same degree. In other words, our Barfield analysis as applied in Dodd hinged on a comparison of the degrees of the relevant offenses. Because the degree had not increased, the finding of temporal proximity could not be sustained.
There may be still other sources of confusion here. In Williams v. State, 504 So.2d 392, 393 (Fla.1987), the Court stated:
Neither the continuing and persistent pattern of criminal activity nor the timing of each offense in relation to prior offenses and release from incarceration or supervision are aspects of a defendant’s prior criminal history which are factored in to arrive at a presumptive guidelines sentence. Therefore, there is no prohibition against basing a departure sentence on such factors.
We do not read this language as suggesting that temporal proximity between a crime and the perpetrator’s release from prison may be a sufficient reason for departure in itself. Rather, the reviewing court should engage in the “crime comparison” analysis suggested by Barfield and Dodd, in light of the definition of “escalating pattern” outlined in Darri-saw. On that basis, the district court below was correct because the degree of the present offense is in fact more serious than the degree of Cave’s previous offenses.
For the foregoing reasons, the decision below is approved. The certified question is answered in the affirmative.
It is so ordered.
GRIMES, C.J., and OVERTON, HARDING and WELLS, JJ., concur.
KOGAN, J., dissents with an opinion, in which SHAW and ANSTEAD, JJ., concur.

. Such reinterpretation would not be possible in the absence of a finding that arguably may be characterized as one of temporal proximity or escalating pattern.