680 So.2d 411 (1996)
STATE of Florida, Petitioner,
v.
Eduards WILSON, Respondent.
No. 86680.
Supreme Court of Florida.
July 3, 1996.
Rehearing Denied September 23, 1996.
*412 Robert A. Butterworth, Attorney General and Richard L. Polin, Assistant Attorney General, Miami, for Petitioner.
Bennett H. Brummer, Public Defender and Robert Kalter, Assistant Public Defender, Eleventh Judicial Circuit, Miami, for Respondent.
HARDING, Justice.
We have for review a decision certifying the following question to be of great public importance:
WHEN A CONVICTION FOR ATTEMPTED FIRST DEGREE FELONY MURDER MUST BE VACATED ON AUTHORITY OF STATE V. GRAY, 654 So.2d 552 (Fla.1995)[,] DO LESSER INCLUDED OFFENSES REMAIN VIABLE FOR A NEW TRIAL OR REDUCTION OF THE OFFENSE?
Wilson v. State, 660 So.2d 1067, 1069 (Fla. 3d DCA 1995). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Wilson was convicted of attempted felony murder and armed robbery after attempting to rob a man waiting for a bus and then shooting at him when the victim started to walk away. The victim was hit in the arm but not killed. After a jury trial, Wilson was sentenced to two concurrent twenty-seven year terms. The jury had not been instructed on attempted first-degree premeditated murder, but had been instructed on three lesser included offenses: attempted second-degree murder, attempted voluntary manslaughter, and aggravated battery.
The Third District Court of Appeal reversed the conviction and sentence for attempted felony murder, citing this Court's intervening decision in State v. Gray, 654 So.2d 552 (Fla.1995), where we held that the crime of attempted felony murder no longer existed in Florida. The state argued that under section 924.34, Florida Statutes (1995),[1] the district court should direct the lower court to enter judgment on the basis of one of the lesser included offenses. The court rejected this argument, reasoning that there could be no lesser included offense to a nonexistent crime. However, on the state's motion for rehearing or certification, the court certified the question we now consider.
We hold that the proper remedy is remand to the trial court for retrial on any of the other offenses instructed on at trial.
We have previously considered nonexistent offenses in slightly different circumstances. For instance, we have held that the remedy for improper conviction of the nonexistent offense of attempted extortion was retrial on the original charge of extortion. Achin v. State, 436 So.2d 30 (Fla.1982). Similarly, we directed that the remedy for an improper conviction of the nonexistent offense of attempted resisting arrest with violence was retrial on the resisting arrest with violence charge. Jordan v. State, 438 So.2d 825 (Fla. 1983).
Wilson is correct in his assertion that those cases involved nonexistent offenses which were lesser included offenses of the principal charge in the charging document, as opposed to the instant case, where the principal charge was a nonexistent offense. However, we do not agree that this mandates dismissal of the charges in the instant case. In the earlier cases, "nonexistent" had a slightly different connotation. There, the offenses in question were never valid statutory offenses in Florida; they were simply the product of erroneous instruction. Here, attempted felony murder was a valid offense, with enumerated elements and identifiable lesser offenses, for approximately eleven years. It only became "nonexistent" when we decided Gray. Because it was a valid offense before Gray, and because it had ascertainable lesser *413 offenses, retrial on any lesser offense which was instructed on at trial is appropriate.
Retrial on a lesser offense which was instructed on at trial does not present a double jeopardy problem. The United States Supreme Court has said that the double jeopardy clause affords three basic protections: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted). None of these concerns are implicated here.
In the instant case, the jury convicted Wilson of the highest offense on which it had been instructed: attempted felony murder. There was no acquittalexplicit or implicit for either the attempted felony murder charge or any lesser offenses. Wilson is not being punished twice. There is, therefore, no constitutional bar to retrial on one of the other offenses on which the jury was instructed.
For these reasons, we answer the certified question as explained above and remand to the trial court for retrial on any lesser offense instructed on at trial.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] The section provides:

924.34 When evidence sustains only conviction of lesser offense. When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish his guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.
§ 924.34, Fla.Stat. (1995).