682 So.2d 545 (1996)
STATE of Florida, Petitioner,
v.
Michael GIBSON, Respondent.
Michael GIBSON, Petitioner,
v.
STATE of Florida, Respondent.
Nos. 87530, 87543.
Supreme Court of Florida.
October 24, 1996.
*546 Robert A. Butterworth, Attorney General; James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Petitioner/Respondent.
Steven A. Been, Assistant Public Defender, Second Judicial Circuit, Tallahassee, for Respondent/Petitioner.
OVERTON, Justice.
We have for review Gibson v. State, 667 So.2d 884 (Fla. 1st DCA 1996). The First District Court of Appeal affirmed six of Michael Gibson's convictions but reversed his conviction for attempted first-degree felony murder. The reversal was based on this Court's recent decision in State v. Gray, 654 So.2d 552 (Fla.1995). In Gray, we declared that attempted felony murder is no longer a crime in Florida. In that decision, we did not address whether lesser included offenses might remain viable for a new trial or a reduction to one of the lesser offenses. Believing that conflicting resolutions to this issue would likely be reached, the district court certified the following question:
WHEN A CONVICTION FOR ATTEMPTED FIRST-DEGREE FELONY MURDER MUST BE VACATED ON AUTHORITY OF STATE v. GRAY, 654 So.2d 552 (Fla.1995), DO LESSER-INCLUDED OFFENSES REMAIN VIABLE FOR A NEW TRIAL OR REDUCTION OF THE OFFENSE?
Gibson, 667 So.2d at 885. Subsequent to Gray, we answered this question in State v. Wilson, 680 So.2d 411 (Fla.1996), by holding that where a conviction for attempted felony murder is vacated on the basis of our opinion in Gray, the proper remedy is retrial on any lesser offense instructed on at trial. Wilson. Id. While we answered the same question in Wilson, we must note that the facts there were different from those we encounter here. Specifically, the Wilson jury had been instructed as to lesser included offenses. Here, no such instructions were given.
We conclude that our use of the phrase "any lesser offense instructed on at trial" was meant to indicate that those lesser offenses not instructed at trial could not be retried. We reaffirm that statement from Wilson and hold that lesser offenses not presented to the original jury cannot be prosecuted by the State after a conviction has been vacated on the authority of Gray. Our holding is dictated by Florida Rule of Criminal Procedure 3.151(c). It reads:
(c) Dismissal of Related Offenses After Trial. When a defendant has been tried on a charge of 1 of 2 or more related offenses, the charge of every other related offense shall be dismissed on the defendant's motion unless a motion by the defendant for consolidation has been previously denied, or unless the defendant has waived the right to consolidation, or unless the prosecution has been unable, by due diligence, to obtain sufficient evidence to warrant charging the other offense or offenses.
While the facts of the instant case are rare, we find that the language of the rule is applicable and controls. Accordingly, further prosecution of lesser included offenses is disallowed. *547 In this case, all potential lesser included offenses qualify as "related offenses" under Florida Rule of Criminal Procedure 3.151(a).
Gibson was tried on the charge of attempted first-degree felony murder. Other possible lesser included offenses were not consolidated nor were they instructed on at trial. Unless an exception may be shown, the rule prohibits further prosecution of those lesser included offenses. We agree with the interpretations of the rule reached in Dixon v. State, 486 So.2d 67, 69 (Fla. 4th DCA 1986)(rule intended to protect defendant from additional trials on related offenses after having endured a trial on a related offense), and State v. Harris, 357 So.2d 758, 759 (Fla. 4th DCA 1978)(purpose of rule is to protect defendants from multiple prosecutions for charges arising from same conduct).
While the rule clearly applies in this instance, we emphasize that the State did have the option to insist upon instructions for necessarily included lesser offenses. Gallo v. State, 491 So.2d 541, 543 (Fla.1986)(analogizing the State's right to deny consent to a waiver of lesser included offense instructions to its right to deny consent to a waiver of a jury trial); State v. Johnson, 601 So.2d 219 (Fla.1992). Instead, it chose, with the defendant, to take the "all or nothing" approach in this case. We do not perceive that the "all or nothing" approach taken by the State and the defendant is common in prosecutions for attempted felony murder.
Accordingly, for the reasons expressed, we answer the certified question in the affirmative as to a new trial, but only when the lesser included offenses are instructed on at the original trial. We decline to address the cross-petition filed by Gibson.
It is so ordered.
KOGAN, C.J., and SHAW, GRIMES, HARDING and ANSTEAD, JJ., concur.
WELLS, J., concurs in result only.