ON REMAND

MICKLE, Judge.
In accordance with the opinion issued by the Supreme Court of Florida in State v. Gibson, 682 So.2d 545 (Fla.1996), we affirm Gibson’s judgment and sentence in Count I and Counts IV through VIII. We reverse his conviction of attempted first-degree felony murder in Count III on the authority of State v. Gray, 654 So.2d 552 (Fla. 1995), and Gibson, supra. Because Gibson was tried on the charge of attempted first-degree felony murder and other possible lesser included offenses were neither “consolidated nor ... instructed on at trial,” he may not be retried on any lesser included offenses. Gibson, 682 So.2d at 547. As the supreme court noted in Gibson, the instant facts are materially distinguishable from those in State v. Wilson, 680 So.2d 411 (Fla. 1996) (upon vacating attempted first-degree murder conviction on the authority of Gray, case should be remanded to trial court for retrial on any lesser included offenses instructed on at trial).
AFFIRMING judgment and sentence in Count I and Counts IV through VIII; REVERSING judgment and sentence in Count III.
JOANOS and LAWRENCE, JJ., concur.