W. SHARP, Judge.
The state appeals from an order rendered by the trial court, which dismissed the criminal charge of aggravated battery that had been refiled against Brady. The trial court believed precedent from this court[1] required dismissal because Brady had been convicted of attempted manslaughter, which was a nonexistent crime. See Taylor v. State, 444 So.2d 931 (Fla.1983). ,We reverse.
In this case, Brady was initially charged with attempted murder of a law enforcement officer and possession of a firearm by a minor. These charges arose from an incident in which Brady fled a nightclub called the Visage, with an off-duty policeman in pursuit. Brady fired shots at the officer and the officer returned fire. Both were injured. The officer received three bullet wounds.
Among others, the defense requested a jury instruction on attempted manslaughter. The state acquiesced. The verdict form contained a laundry list of possible offenses for which Brady could have been convicted:
1.attempted first degree murder with a firearm of a law enforcement officer in the performance of his lawful duties
2. attempted first degree murder
3. attempted second degree murder
4. attempted manslaughter
5. aggravated battery with a firearm
6. aggravated battery with great bodily harm
7. aggravated assault
8. battery on a law enforcement officer
9. assault on a law enforcement officer
10. battery
11. assault
12. not guilty
The jury returned a guilty verdict of attempted manslaughter. It also made two special findings: 1) Brady carried a firearm;, and 2) the officer was a law enforcement officer in the lawful performance of his duties.
The jury returned a general verdict of guilt on this charge. Regarding the attempted manslaughter charge, the jury was instructed that the state had to prove two elements beyond a reasonable doubt: 1) Brady intentionally attempted to cause the death of the officer; and 2) the attempted killing of the officer was caused by the culpable negligence of Brady. The jury returned a general verdict of guilt on this charge, based on that instruction.
Thereafter, the state and defense counsel determined that attempted manslaughter by culpable negligence is a non-existent crime. As a result, the trial court vacated the conviction and granted a new trial on the ground Brady had been convicted of a non-existent erime. Taylor v. State, 444 So.2d 931 (Fla.1983).
The state then filed an amended information charging Brady with three counts of aggravated battery with a firearm, based on the number of shots that actually struck the police officer. Later it reduced the information to one count. The defense argued Brady could not be retried on any charge arising out of the shooting episode which had been the focus of the prior trial, on double jeopardy grounds. The trial court granted Brady’s motion to dismiss on that ground, relying on *986 Gutierrez, which has since been overruled. State v. Gibson, 682 So.2d 545 (Fla.1996).
This is an area of criminal law that is becoming more and more confusing. Precedents are changing and shifting, as diverse permutations and variations of State v. Gray, 654 So.2d 552 (Fla.1995) work their way through the appellate courts, to the Florida Supreme Court. That court has now determined that further prosecutions for lesser included offenses are not barred in cases in which a defendant is convicted of a nonexistent crime, if the jury was instructed on the lesser included offenses in the first trial. Gibson; State v. Wilson, 680 So.2d 411 (Fla.1996).
Further, based on the Gray case, the appellate courts have held that where a jury returns a general verdict of guilty, based on two alternative theories, one of which is a non-existent crime, the proper course is to vacate the judgment and remand for retrial on the existent crime. The rationale is that in such cases, it is impossible to determine on which theory the jury convicted. See Humphries v. State, 676 So.2d 1 (Fla. 5th DCA 1995); Campbell v. State, 671 So.2d 876 (Fla. 4th DCA 1996).
In Taylor, the court stated that there may be a verdict for attempted manslaughter if there is proof that the defendant had the requisite intent to commit an unlawful act. It held that manslaughter by culpable negligence was a non-existent crime, based on the logical premise that there can be no intent to commit an unlawful act when the underlying conduct constitutes culpable negligence. “On the other hand, when the underlying conduct constitutes an act or procurement, such as aggravated assault, there is an intent to commit the act, and thus there exists the requisite intent to support attempted manslaughter.” Taylor at 934.
In this case, the jury was instructed it could return a guilty verdict on attempted manslaughter if it found the state had proven the elements of both the intentional act of manslaughter as well as manslaughter by culpable negligence. Thus, it was probably incorrect for the trial court to have granted a new trial in this case, since the jury convicted Brady of an existing crime, with all the requisite elements, even though it also found culpable negligence. Those additional findings could have been deemed superfluous. However, the state did not appeal that ruling, and the law of this case is that Brady was convicted of a non-existent crime.
Applying the Gray cases by analogy, the state should be allowed to prosecute Brady for any lesser included offense of the attempted manslaughter charge, on which the jury was instructed in the first prosecution. See Wilson. That includes aggravated battery with a firearm, the charge which was dismissed in this case.
REVERSED and REMANDED.
COBB and THOMPSON, JJ., concur.

. Gutierrez v. State, 665 So.2d 294 (Fla. 5th DCA 1995).