ANTOON, Judge.
Billy Brady (defendant) appeals his judgment and sentence which were imposed by the trial court after a jury found him guilty of committing aggravated battery on a law enforcement officer.[1] Defendant raises four claims of error which we reject as meritless. Accordingly, we affirm.
Defendant first claims that, since his prior conviction of attempted manslaughter was later vacated by the trial court, this subsequent prosecution based on the same underlying transaction violates the constitutional bar against double jeopardy.[2] This argument lacks merit.
Based upon a shooting episode in downtown Orlando, defendant was originally charged with attempted murder of a law *113 enforcement officer and possession of a firearm by a minor. At defendant’s first trial, the jury was instructed on, among other offenses, the lesser included offenses of aggravated battery and battery on a law enforcement officer. The jury returned a general verdict of guilt on the lesser included offense of attempted manslaughter, making a specific finding that the victim was a law enforcement officer. However, the trial court subsequently vacated defendant’s conviction because attempted manslaughter by culpable negligence is a nonexistent crime. See State v. Brady, 685 So.2d 984 (Fla. 5th DCA), rev. denied, 691 So.2d 1079 (Fla.1997); see also Taylor v. State, 444 So.2d 931 (Fla. 1983).
Thereafter, the state filed an amended information charging defendant with committing the lesser included offense of aggravated battery on a law enforcement officer. Defendant filed a motion to dismiss the amended information arguing that he could not be retried for any crime arising out of the shooting episode which had been the focus of his prior trial. Brady, 685 So.2d at 985. The trial court agreed and dismissed the amended information. On review, we reversed, ruling that the state was authorized to prosecute defendant for any lesser included offense of the attempted manslaughter charge upon which the first jury had been instructed. Id. at 986.
The state then proceeded to prosecute the instant case in which the defendant was again charged with aggravated battery on a law enforcement officer. The jury found him guilty as charged. This chronology of defendant’s case demonstrates that the instant prosecution did not violate his right to be free from double jeopardy because the first jury was properly instructed on but did not acquit the defendant, either explicitly or implicitly, of the crime of aggravated battery on a law enforcement officer. See State v. Wilson, 680 So.2d 411, 413 (Fla.1996). Accordingly, defendant’s claim of double jeopardy is without merit.
Next, defendant claims the trial court erred in denying his motion for judgment of acquittal. We affirm the ruling because the record demonstrates that the state presented .sufficient evidence to establish that (1) defendant was aware that the victim was a law enforcement officer since the victim was dressed in uniform and had identified himself to defendant, and (2) the victim was acting in the lawful pursuit of his duties since defendant was properly subject to an investigatory stop. Defendant also complains that the trial court improperly admitted defendant’s out-of-court statement that he disliked “cracker” police officers. We affirm the trial court’s ruling as to the admissibility of defendant’s statement because the statement was not inadmissible hearsay but instead proper impeachment evidence. See Chatman v. State, 687 So.2d 860 (Fla. 1st DCA 1997).
Finally, defendant claims the trial court’s imposition of a sentence which was an upward departure from the sentencing guidelines range was improper. We affirm the trial court’s decision to impose a departure sentence in this case because the instant record supports the trial court’s finding of an escalating pattern of defendant’s criminal conduct. See Cave v. State, 642 So.2d 10 (Fla. 1st DCA 1994), approved, 661 So.2d 1213 (Fla.1995); see also § 921.001(6), Fla. Stat. (1995).
JUDGMENT and SENTENCE AFFIRMED.
GRIFFIN, C.J., and COBB, J., concur.

. §§ 784.045; 784.07; 775.087(2); 775.0823; Fla. Stat. (1995).

. Art. I, § 9, Fla. Const.