760 So.2d 287 (2000)
Charles BRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-612.
District Court of Appeal of Florida, Fifth District.
June 9, 2000.
*288 Charles Bright, Mayo, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, J.
Bright appeals from the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial judge attached numerous portions of the record to refute Bright's allegations in his motion. We affirm.
In paragraphs one, two, three and six of his motion, Bright alleged his trial counsel was ineffective because he failed to request jury instructions for necessarily included offenses.[1] The record reveals that trial counsel requested, and the appropriate lesser included offenses and instructions were given, on the proper lesser included offenses.
In paragraph four, Bright alleged his trial counsel was ineffective for having failed to object to an erroneous jury instruction regarding count three.[2] Although the oral reading of the instruction inadvertently omitted the word "not," the written instructions given to the jury were correct. Thus no prejudice was shown.
In paragraph five, Bright alleged his trial counsel was ineffective for failing to assert a double jeopardy claim regarding counts five and six.[3] However, the counts addressed two separate acts of resisting. Thus there was no double jeopardy violation.
Lastly, in paragraph seven, Bright alleged his trial counsel failed to object to the court's exceeding the sentencing guidelines on count seven.[4] On that count, he was sentenced to thirty years as a Prison Releasee Reoffender. The judge noted below that trial counsel did object that aggravated battery was not eligible for Prison Releasee Reoffender treatment. *289 However, the court found that aggravated battery on a law enforcement officer does qualify for a mandatory thirty-year sentence under the Act. Thus no prejudice or defect in trial counsel performance was shown.
One ground that trial counsel could possibly have raised with regard to the Prison Releasee Reoffender sentence was that Bright should not have been sentenced both as an Habitual Felony Offender and a Prison Releasee Reoffender. This court has agreed with the fourth district that a defendant may be sentenced for one offense as either a Habitual Felony Offender or a Prison Releasee Reoffender, but not both. See Lewis v. State, 751 So.2d 106 (Fla. 5th DCA 1999); Hamilton v. State, 752 So.2d 1274 (Fla. 4th DCA 2000); Melton v. State, 746 So.2d 1188 (Fla. 4th DCA 1999); Glave v. State, 745 So.2d 1065, 1066 (Fla. 4th DCA 1999). However, that does not mean that the defendant is entitled to relief. We also agree with the fourth district, which has held that a defendant can be sentenced as a Habitual Offender on one count and as a Prison Releasee Reoffender on another count. See Nash v. State, ___ So.2d ___, 2000 WL 232625 (Fla. 4th DCA Mar.1, 2000) (sentence affirmed where defendant was convicted of both robbery and burglary of a vehicle with battery and was sentenced to concurrent terms of thirty years and life, respectively, as a Habitual Felony Offender and as a Prison Releasee Reoffender). Thus, although Bright was sentenced for count seven as a Prison Releasee Reoffender and as a Habitual Felony Offender on another count, no error was shown here.
AFFIRMED.
PETERSON and SAWAYA, JJ., concur.
NOTES
[1] In Case No. CR97-12781, Bright was charged with seven offenses; carjacking (§ 812.133); kidnaping with intent to commit a felony (§ 787.01(1)(a)2.); burglary of a conveyance with an assault or battery (§ 810.02(1), (2)(a), battery on a law enforcement officer (§ 784.07(2)(b); resisting an officer with violence (§ 843.01); resisting arrest without violence (§ 843.02); and aggravated battery with a deadly weapon on a law enforcement officer (§ 784.07(2)(d)). The court directed a verdict of acquittal on the kidnaping charge and the jury found Bright guilty of attempted carjacking and guilty as charged on the other counts.
[2] Burglary of a conveyance with an assault or battery. § 810.02(1), (2)(a), Fla. Stat.
[3] Resisting an officer with violence (§ 843.02, Fla.Stat.), and resisting arrest without violence. § 843.01, Fla. Stat.
[4] Aggravated battery with a deadly weapon on a law enforcement officer § 784.07(2)(d), Fla. Stat.