777 So.2d 957 (2001)
Kevin THOMAS, Petitioner,
v.
STATE of Florida, Respondent.
No. SC96788.
Supreme Court of Florida.
January 18, 2001.
Nancy A. Daniels, Public Defender, and Phil Patterson, Assistant Public Defender, Second Judicial Circuit, Tallahassee, FL, for Petitioner.
Robert A. Butterworth, Attorney General, James W. Rogers, Bureau Chief, Criminal Appeals, and Laura Fullerton Lopez, Assistant Attorney General, Tallahassee, FL, for Respondent.
PER CURIAM.
We have for review Thomas v. State, 744 So.2d 1121 (Fla. 1st DCA 1999), in which the First District Court of Appeal certified conflict with the Second District's decision in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998), approved, 750 So.2d 643 (Fla.1999), on the issue of whether chapter 95-182, Laws of Florida, violates the single subject requirement contained in article III, section 6 of the Florida Constitution. We have jurisdiction. See Art. V, § 3(b)(4), Fla. Const.
Thomas was convicted of possession of a firearm by a violent career criminal, in violation of section 790.235(1), Florida Statutes (1995), and sentenced as such pursuant to section 775.084(1)(c), Florida Statutes (1995). Thomas appealed to the First District arguing that chapter 95-182, Laws of Florida, which created the offense of which he was convicted and the violent career criminal sentencing category, violated the single subject rule contained in article III, section 6 of the Florida Constitution. *958 The district court affirmed, but certified conflict with Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998), wherein the Second District held that chapter 95-182 violated the single subject requirement. See Thomas, 744 So.2d at 1121. Thomas sought this Court's review.
In its response to our order to show cause, the State has replied that this case is controlled by our recent decision in State v. Thompson, 750 So.2d 643 (Fla. 1999), and that the district court's decision should be quashed and the case should be remanded. Based on the State's response to our order to show cause, we quash the decision below; vacate Thomas's conviction and sentence; and remand for retrial on any lesser offense instructed on at trial. See State v. Gibson, 682 So.2d 545, 546 (Fla.1996) (holding that when a defendant is convicted of a crime found to be nonexistent at the time he is alleged to have committed it, the proper remedy is to remand for a retrial on any lesser offense instructed on at trial).
It is so ordered.
SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, C.J., concurs in result only.