ON MOTION FOR CLARIFICATION

PER CURIAM.
We grant the motion for clarification, withdraw our opinion filed on January 31, 2001, and substitute the following:
Sam Wright was convicted and sentenced for carrying a concealed firearm, resisting an officer with violence, and unlawful possession of a firearm/weapon by a violent career criminal. He challenges his conviction for unlawful possession of a firearm. Based on State v. Thompson, 750 So.2d 643 (Fla.1999), the State does not dispute Wright’s argument that the trial court erred in adjudicating him guilty of possession of a firearm by a violent career criminal. In Thompson, the Supreme Court held unconstitutional chapter 95-182, Laws of Florida, and thus rendered the unlawful possession charge a non-existent crime. See Levan v. State, 759 So.2d 683 (Fla.2000) (noting that the offense of possession of a firearm by a violent career criminal was created through the passage of chapter 95-182). Pursuant to Thomas v. State, 777 So.2d 957, 26 Fla. L. Weekly S51 (Fla. Jan. 18, 2001), the proper remedy is to remand the case for retrial on any lesser included offense actually instructed on at trial. As the jury here was instructed on the lesser offense of possession of a firearm by a convicted felon, we remand for retrial on that charge.
Wright had entered a no contest plea to carrying a concealed firearm. An express *529 condition of his plea agreement requires that the concealed firearm conviction be reversed for a new trial in the event Wright’s conviction for possession of a firearm by a career criminal is reversed. As we are reversing Wright’s conviction for unlawful possession of a firearm, we must also reverse his conviction for carrying a concealed firearm and remand for a new trial on that count.
Reversed and remanded.