CASANUEVA, Judge.
James Moore was convicted of and sentenced for the crime of felon in possession of a firearm by a violent career criminal, an offense occurring on October 30, 1995. He appealed that conviction. Because the statute under which Mr. Moore was convicted and sentenced was subsequently declared unconstitutional for violation of the single subject rule of article III, section 6, of the Florida Constitution, see State v. Thompson, 750 So.2d 643 (Fla.1999), this court vacated his judgment and sentence and remanded the case to the trial court for further proceedings on August 23, 2000. In accordance with our mandate, the trial court held a hearing to consider whether to resentence Mr. Moore or to discharge him. After hearing argument from counsel, the trial court vacated the judgment and sentence and discharged Mr. Moore. The State has now appealed.
*1128 The State argued at the hearing on remand that Mr. Moore should be resen-tenced for the crime of felon in possession of a firearm, a necessarily lesser-included offense of the now nonexistent crime with which he was originally charged. The defense, however, contended that precedent from the supreme court allowed resentenc-ing only for those crimes on which the jury had been originally instructed. The trial judge perused the original record and found no instructions for any lesser-included offenses, so she felt compelled to vacate Mr. Moore’s conviction and sentence.
Even though it is logical to conclude that the evidence at Mr. Moore’s trial would have proven him guilty of the crime of felon in possession of a firearm, the trial court took the only recourse available under the Florida Supreme Court’s decision in Thomas v. State, 777 So.2d 957 (Fla.2001). Thomas was also convicted of and sentenced for possession of a firearm by a violent career criminal under the act that was subsequently declared unconstitutional in Thompson, 750 So.2d 643. The supreme court ordered that Thomas’s conviction and sentence be vacated and remanded “for retrial on any lesser offense instructed on at trial.” Thomas, 777 So.2d at 958. In so doing the supreme court relied upon State v. Gibson, 682 So.2d 545, 546 (Fla.1996), for the proposition that “when a defendant is convicted of a crime found to be nonexistent at the time he is alleged to have committed it, the proper remedy is to remand for a retrial on any lesser offense instructed on at trial.”
On appeal the State has argued that this court has the authority to reduce a conviction overturned on appeal to a lesser offense when the charging document sufficiently alleges the elements of the lesser offense and the evidence supports the conviction for them. § 924.34, Fla. Stat. (1995); Bledsoe v. State, 764 So.2d 927, 928 (Fla. 2d DCA 2000). Under this theory the fact that the jury was not instructed on the offense would not affect the analysis. Although this argument has logic to support it, we must reject it in this instance because Thomas is directly on point.
Accordingly, we affirm the order vacating Mr. Moore’s conviction and sentence and discharging him.
ALTENBERND and SALCINES, JJ., Concur.