FULMER, Judge.
Terry L. Williams appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Williams raised three claims in his motion, none of which have merit and only one of which warrants discussion.
In his motion, Williams claims that his sentence is illegal because the trial court should not have sentenced him as both a prison releasee reoffender and a habitual felony offender for the same crime. Williams entered a negotiated plea of guilty to robbery and felonious possession of a concealed weapon. Both counts arose from the same criminal episode. In exchange for a reduction of the robbery charge to a simple first-degree felony, he agreed to a thirty-year minimum mandatory sentence as a prison releasee reoffender on the robbery count and a consecutive ten-year habitual felony offender sentence on the concealed weapon count.
The trial court concluded that Williams’ sentence was not illegal because, contrary to Williams’ assertion, he was not sentenced as a prison releasee reoffender and a habitual felony offender on the same count. We agree that it is permissible to sentence one defendant as both a habitual felony offender and as a prison releasee reoffender on separate counts. See Tolbert v. State, 827 So.2d 278 (Fla. 2d DCA 2002); Bright v. State, 760 So.2d 287 (Fla. 5th DCA 2000).
Accordingly, we affirm the trial court’s denial of Williams’ motion.
SALCINES and KELLY, JJ„ Concur.