873 So.2d 424 (2004)
Gregory T. DORSETT, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-420.
District Court of Appeal of Florida, Third District.
April 21, 2004.
Rehearing Denied May 19, 2004.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, and John H. Lipinski, for appellant.
Charles J. Crist, Jr., Attorney General, and Frank J. Ingrassia, Assistant Attorney General, for appellee.
*425 Before GERSTEN, GODERICH, and FLETCHER, JJ.
GODERICH, Judge.
The defendant, Gregory Tyrone Dorsett, appeals from a final judgment of convictions and sentences. We affirm, in part, and reverse, in part.
Following a jury trial, the defendant was found guilty of five counts of armed robbery with a firearm, five counts of false imprisonment with a firearm, and possession of a firearm in the commission of the same robbery. The defendant was adjudicated guilty and sentenced to life in prison for the five counts of robbery with a firearm and thirty years in prison for the five counts of false imprisonment with a firearm. The defendant was also sentenced to five years in prison for unlawful possession of a firearm, but this sentence was suspended. This appeal follows.
The defendant contends that the trial court erred by convicting and sentencing him to both robbery with a firearm and the separate offense of possession of a firearm in the commission of the same robbery. In response, the State concedes that the trial court erred by adjudicating the defendant guilty of both robbery with a firearm and unlawful possession of a firearm in commission of the same robbery. The State, however, argues that pursuant to Brannon v. State, 850 So.2d 452 (Fla.2003), the defendant cannot raise this error on appeal because he did not object to the sentence imposed at the time of sentencing and also failed to file a motion under Rule 3.800(b)(2), Florida Rules of Criminal Procedure.[1] The State also argues that following the disposition of this appeal, the defendant may seek to correct the error under Rule 3.800(a).[2] We find that the State's reliance on Brannon and Rule 3.800(b)(2) is misplaced, and agree with the position asserted by the defendant.
Rule 3.800(b)(2) pertains to motions to correct sentencing errors while an appeal is pending. In Amendments to Florida Rules of Criminal Procedure 3.111(e) & 3.800 & Florida Rules of Appellate Procedure 9.020(h), 9.140, and 9.600, 761 So.2d 1015, 1019 (Fla.1999), the Florida Supreme Court stated that
comments to the proposed rule [3.800] defines a "sentencing error" as including "harmful errors in orders entered as a result of the sentencing process." ... Thus, a party can correct an illegal sentence through a rule 3.800(b) motion, or alternatively, following the appeal, a party may file a 3.800(a) motion to correct the sentence in the trial court.
Here, the error that the defendant complains of did not occur during the sentencing process. The defendant is not arguing *426 that the suspended sentence that was imposed for the possession of a firearm count was erroneous. Rather, he argues that his conviction for possession of a firearm must be vacated. The fact that the suspended sentence will also be vacated when the conviction is vacated does not turn the alleged error into a "sentencing error." Therefore, Brannon and Rule 3.800(b)(2) are inapplicable to the present case.
Even though the defendant failed to object to the dual convictions at trial, the defendant can properly raise this issue on appeal. See Haynes v. State, 828 So.2d 457 (Fla. 4th DCA 2002)(holding that "double jeopardy is a fundamental error which can be raised for the first time on appeal"); Grene v. State, 702 So.2d 510, 511 (Fla. 3d DCA 1997) (en banc) ("We treat the entry of the dual convictions as fundamental error and allow the defendant to raise the double jeopardy issue on appeal, even though there was no objection in the trial court."). As noted earlier, the State concedes that when a robbery conviction is enhanced because a firearm was used during the commission of the robbery, a defendant cannot be adjudicated guilty of both robbery with a firearm and possession of a firearm in commission of the same robbery. Cleveland v. State, 587 So.2d 1145 (Fla.1991); Bufford v. State, 803 So.2d 914 (Fla. 3d DCA 2002); Buffington v. State, 776 So.2d 960 (Fla. 3d DCA 2000).
We find that the defendant's remaining arguments on appeal lack merit. Therefore, we vacate the defendant's conviction for possession of a firearm in the commission of the robbery, but affirm the defendant's remaining convictions and sentences.
Affirmed, in part, and reversed, in part.
NOTES
[1] Rule 3.800(b)(2) provides, in part, as follows:

(b) Motion to Correct Sentencing Error. A motion to correct sentencing error, including an illegal sentence, may be filed as allowed by this subdivision.... The motion must identify the error with specificity and provide a proposed correction....
(2) Motion Pending Appeal. If an appeal is pending, a defendant or the state may file in the trial court a motion to correct a sentencing error. The motion may be filed by appellate counsel and must be served before the party's first brief is served....
[2] Rule 3.800(a) provides:

(a) Correction. A court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, or a sentence that does not grant proper credit for time served when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief, provided that a party may not file a motion to correct an illegal sentence under this subdivision during the time allowed for the filing of a motion under subdivision (b)(1) or during the pendency of a direct appeal.