881 So.2d 1166 (2004)
Bruce HUNSICKER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 5D03-373, 5D03-527.
District Court of Appeal of Florida, Fifth District.
August 20, 2004.
Rehearing Denied September 22, 2004.
*1167 James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, C.J.
Bruce Hunsicker was found guilty of three counts of sexual battery, two counts of lewd or lascivious molestation, one count of lewd or lascivious exhibition, one count of lewd or lascivious conduct, and one count of burglary of a dwelling with an assault or battery. He appeals his judgment and sentences raising several issues. Although we conclude that we must affirm as to each issue, we write to discuss two: 1) whether the convictions for four counts of lewd or lascivious acts violate double jeopardy principles; and 2) whether the sentences imposed on these four counts as *1168 both a habitual offender (HO) and prison releasee reoffender (PRR) are improper.[1]
A detailed discussion of the facts is not necessary to resolve the two issues we address. However, a discussion of the sentences Hunsicker received after the jury found him guilty is a necessary prelude to our legal analysis, and so we will begin there and then proceed to discuss each issue in the order presented.

The Sentences
For three acts of sexual battery, burglary of a dwelling and four lewd or lascivious acts committed on his ten-year-old victim during the late evening hours of February 2, 2001, Hunsicker, who the trial court found qualified as a HO and PRR, was sentenced as follows:
The sentences imposed for the sexual battery charges alleged in counts one, two and three in violation of section 794.011(2), Florida Statutes (2001), were life imprisonment concurrently for each count.
The sentence imposed for the burglary charge alleged in count four in violation of section 810.02(2)(a), Florida Statutes (2001), was life imprisonment consecutive to counts one, two and three with HO and PRR classification.
The sentence imposed for lewd or lascivious molestation alleged in count five in violation of section 800.04(5), Florida Statutes (2001), was life imprisonment consecutive to count four with HO and PRR classification.
The sentence imposed for lewd or lascivious molestation alleged in count six in violation of section 800.04(5), Florida Statutes (2001), was life imprisonment consecutive to count five with HO and PRR classification.
The sentence imposed for lewd or lascivious exhibition alleged in count seven in violation of section 800.04(7), Florida Statutes (2001), was thirty years imprisonment consecutive to count six with HO and PRR classification.
The sentence imposed for lewd or lascivious conduct alleged in count eight in violation of section 800.04(6), Florida Statutes (2001), was thirty years imprisonment consecutive to count seven with HO and PRR classification.
As to the counts of lewd or lascivious molestation, lewd or lascivious conduct and lewd or lascivious exhibition, Hunsicker contends that his convictions violate double jeopardy principles because each arose out of a single criminal episode. Therefore, he argues that he may be convicted of only one lewd or lascivious offense. Hunsicker also contends that because he was sentenced *1169 as both a HO and PRR for these offenses, his sentences are illegal.
At no time during the sentencing hearing did Hunsicker object that his sentences violated double jeopardy principles or that his dual sentence as a HO and PRR were improper. Moreoever, Hunsicker did not avail himself of the procedure in rule 3.800(b), Florida Rules of Criminal Procedure, to raise these alleged errors before the trial court. Hence, the State argues that Hunsicker did not properly preserve either issue for review. We will first address the double jeopardy issue.

Double Jeopardy
We reject the State's preservation of error argument. This court and others have consistently held that violation of double jeopardy principles is fundamental error which, absent a knowing and voluntary waiver, may be raised for the first time on appeal.[2]See State v. Johnson, 483 So.2d 420, 422 (Fla.1986); Barfield v. State, 871 So.2d 929 (Fla. 5th DCA 2004); Tannihill v. State, 848 So.2d 442 (Fla. 4th DCA 2003); Haynes v. State, 828 So.2d 457, 458 (Fla. 4th DCA 2002); Rios v. State, 791 So.2d 1208 (Fla. 5th DCA 2001); Ford v. State, 749 So.2d 570, 571 (Fla. 5th DCA 2000); Rivera v. State, 745 So.2d 343 (Fla. 4th DCA 1999); Grene v. State, 702 So.2d 510 (Fla. 3d DCA 1996); Austin v. State, 699 So.2d 314 (Fla. 1st DCA 1997); Waldon v. State, 670 So.2d 1155 (Fla. 4th DCA 1996); see also Johnson v. State, 747 So.2d 1027 (Fla. 2d DCA 1999) (holding that under the facts of the case, the two convictions violated the prohibition against double jeopardy and constituted fundamental error that may be raised for the first time on appeal). Accordingly, it is appropriate for us to resolve the double jeopardy issue on the merits despite the fact that Hunsicker neither objected during sentencing nor raised the issues via a rule 3.800(b) motion in the trial court.
Three basic protections emanate from the Double Jeopardy Clauses of the Federal and Florida Constitutions: 1) protection against a subsequent prosecution for the same offense after acquittal; 2) protection against a subsequent prosecution for the same offense after conviction; and 3) protection against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (footnotes omitted); State v. Wilson, 680 So.2d 411, 413 (Fla.1996).[3] It is the third protection that is implicated here and it may prohibit convictions on multiple counts brought in a single prosecution when the convictions arise from conduct committed in a single criminal episode. Cabanela v. State, 871 So.2d 279, 281 (Fla. 3d DCA 2004) ("Cabanela therefore argues that his multiple convictions and sentences for lewd assault upon a child pursuant to section 800.04, Florida Statutes (1995), were violative of double jeopardy where they were committed in a single criminal episode. We agree."); Swilley v. State, 845 So.2d 930 (Fla. 5th DCA 2003); King v. State, 834 So.2d 311 (Fla. 5th DCA 2003).
*1170 "The prevailing standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the Legislature `intended to authorize separate punishments for the two crimes.'" Gordon v. State, 780 So.2d 17, 19 (Fla.2001) (quoting M.P. v. State, 682 So.2d 79, 81 (Fla.1996)); see also Cruller v. State, 808 So.2d 201, 203 (Fla.2002). If the Legislature did not clearly express its intention to authorize separate punishments, the courts must resort to the test of statutory construction established in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), now codified in section 775.021(4), Florida Statutes (2001). Cruller; Gordon; M.P. The court in Cruller emphasized that if there is a clear expression of legislative intent to require two separate punishments, the analysis ends and we do not resort to the Blockburger test. In accordance with Cruller, we begin our search for clear legislative intent by examining "the language, structure, and legislative history" of section 800.04. Cruller, 808 So.2d at 203. Most cases involving double jeopardy arguments directed to multiple convictions arising from lewd and lascivious acts allegedly committed in a single criminal episode involved charges brought under the version of section 800.04 prior to its amendment in 1999.[4]See Coffield v. State, 872 So.2d 430 (Fla. 4th DCA 2004); Pires v. State, 866 So.2d 1276 (Fla. 4th DCA 2004); Gisi v. State, 848 So.2d 1278 (Fla. 2d DCA 2003); Morman v. State, 811 So.2d 714 (Fla. 2d DCA 2002); Eaddy v. State, 789 So.2d 1093 (Fla. 4th DCA 2001). These cases generally hold that double jeopardy was violated if the two acts that formed the basis of the convictions occurred in one location without a temporal break between them so that the defendant did not have sufficient time to pause, reflect, and form a new criminal intent between the occurrences. This is the proper legal analysis to determine whether the acts occurred in a single or in separate criminal episodes. Citing the decision in Morman, the court in Gisi explained the reason the courts employed this analysis:
The Morman court cited State v. Hightower, 509 So.2d 1078 (Fla.1987), for the proposition that "[a]s now worded, section 800.04 contemplates that if sexual activity takes place with a person under sixteen years of age which does not constitute the crime of sexual battery, the conduct is deemed to be lewd and lascivious." Morman, 811 So.2d at 717 (quoting Hightower, 509 So.2d at 1079). The Morman court then concluded that "the statute's focus is on conduct involving sexual activity and not upon the individual acts that comprise lewd and lascivious activity in the same spatial and temporal zone." Id. *1171 Gisi, 848 So.2d at 1281. Hence, under this version of the statute, because the focus was not on the individual acts that comprised the crime of lewd and lascivious assault, there was no legislative intent to impose separate punishments for each act that was committed in one criminal episode. Therefore, the courts employed the analysis that a separate crime was committed in a separate criminal episode provided there was a temporal break between each act that allowed the defendant to form a new criminal intent.
Section 800.04 was substantially amended in 1999 to include a definitions section and separate numbered subsections dealing with lewd or lascivious battery, section 800.04(4); lewd or lascivious molestation, section 800.04(5); lewd or lascivious conduct, section 800.04(6); and lewd or lascivious exhibition, section 800.04(7). The amendments became effective on October 1, 1999. The Legislature expressed the purpose of the amendments in the preamble to chapter 99-201, Laws of Florida, when it stated that in enacting the amendments it was
amending s. 800.04, F.S.; creating the offenses of "lewd or lascivious battery," "lewd or lascivious molestation," "lewd or lascivious conduct," and "lewd or lascivious exhibition"; providing definitions; providing penalties; precluding consent from being raised as a defense if the victim is under a specified age; precluding ignorance or belief of age from being raised as a defense; providing an exception for maternal breastfeeding; deleting provisions that define and provide penalties for "lewd, lascivious, or indecent assault or act upon or in the presence of a child";....
Ch. 99-201, Laws of Fla. (emphasis added). The language and structure of the amended statute does focus on individual acts and creates separate criminal offenses in each subsection that designates a specific degree of the crime and the punishment to be imposed for each. We conclude that the legislative intent is clear that separate punishments be imposed for each criminal offense created by the statute. Therefore, with respect to Hunsicker's convictions for the separate crimes of lewd or lascivious molestation, lewd or lascivious conduct and lewd or lascivious exhibition, there is no double jeopardy violation.
However, Hunsicker was charged with two counts of lewd or lascivious molestation under section 800.04(5)(a), which provides:
A person who intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, or forces or entices a person under 16 years of age to so touch the perpetrator, commits lewd or lascivious molestation.
§ 800.04(5)(a), Fla. Stat. (2000). Specifically, Hunsicker was charged in Count V with enticing the victim to touch his penis and in Count VI he was charged with putting his mouth on the victim's breast. We do not discern any legislative intent to punish separately each act specified in section 800.04(5)(a) that is committed in the course of one criminal episode, and our analysis under the Blockburger test found in section 775.021(4) does not lead us to conclude that each act committed in one criminal episode is a separate offense. Therefore, we revert to the analysis employed by the cases to determine whether more than one criminal episode occurred and conclude that there was a sufficient temporal break between the two acts that form the basis of Counts V and VI to have allowed Hunsicker to pause, reflect and form a new criminal intent for each offense. Hence, two separate crimes occurred in separate episodes and Hunsicker *1172 should be appropriately punished for each. We find this double jeopardy analysis for acts charged under section 800.04(5) that are alleged to have occurred in a single criminal episode comports with our holding in King.[5]
Accordingly, we conclude that Hunsicker's convictions do not violate the Double Jeopardy Clauses of the Florida and federal constitutions. Next we will explain why we may not resolve the issues Hunsicker raises regarding his dual sentences as a habitual offender and prison releasee reoffender.

Dual Sentences As A Habitual Offender And Prison Releasee Reoffender
Hunsicker argues that his sentences are illegal because he was sentenced as a habitual offender and prisoner releasee reoffender for each count. It is permissible to sentence one defendant as both a HO and as a PRR on separate counts. Williams v. State, 870 So.2d 166 (Fla. 2d DCA 2004); Tolbert v. State, 827 So.2d 278 (Fla. 2d DCA 2002); Bright v. State, 760 So.2d 287 (Fla. 5th DCA 2000). It is also permissible to sentence a defendant as a HO and a PRR on the same count as long as the sentences are concurrent and the HO sentence exceeds the PRR sentence. Grant v. State, 770 So.2d 655 (Fla.2000); State v. Manning, 839 So.2d 849, 851 (Fla. 5th DCA 2003) (holding that a defendant can receive a PRR sentence and a HO sentence for a single offense, so long as the HO sentence results in a greater sentence); Kimbrough v. State, 776 So.2d 1055 (Fla. 5th DCA 2001); see also Williams v. State, 804 So.2d 572 (Fla. 5th DCA), cause dismissed, 829 So.2d 921 (Fla.2002). It is not permissible, however, to sentence a defendant to consecutive sentences when the sentences have already been enhanced under HO or PRR provisions and the crimes arose from one criminal episode. Hale v. State, 630 So.2d 521 (Fla.1993); Robinson v. State, 829 So.2d 984 (Fla. 1st DCA 2002); Smith v. State, 824 So.2d 263 (Fla. 2d DCA 2002); Durr v. State, 773 So.2d 644 (Fla. 5th DCA 2000).
Here, Hunsicker contends that the sentences for Counts IV, V and VI were not increased by the HO classification and therefore, the trial court erred in sentencing Hunsicker as both a HO and PRR for those counts. He also contends that the trial court erred in sentencing him to consecutive sentences for the counts that were enhanced pursuant to his classification as a HO and PRR. While his claims appear to have merit, unfortunately for Hunsicker, as the State contends, he did not object during sentencing and did not avail himself of the procedure provided by rule 3.800(b), Florida Rules of Criminal Procedure, to properly correct the error. Therefore, we are unable to correct the error for him and we will now explain why.
A "sentencing error" has been broadly defined to include "harmful errors entered as a result of the sentencing process." Brannon v. State, 850 So.2d 452, 458 (Fla.2003) (quoting Amendments to Fla. Rules of Criminal Procedure 3.111(e) & 3.800 & Fla. Rules of Appellate Procedure 9.020(h), 9.140, & 9.600, 761 So.2d 1015, 1019 (Fla.1999)). The error Hunsicker alleges in the instant case is certainly a sentencing error. In Brannon, the court made it explicitly clear that "for defendants whose initial briefs were filed after the effective date of rule 3.800(b)(2), the failure to preserve a fundamental sentencing error by motion under rule *1173 3.800(b) or by objection during the sentencing hearing forecloses them from raising the error on direct appeal." 850 So.2d at 456; see also Lewis v. State, 827 So.2d 1052 (Fla. 5th DCA 2002); Geri v. State, 797 So.2d 605 (Fla. 1st DCA 2001); Durr. In order to assuage concerns raised by the dissent in Harvey v. State, 848 So.2d 1060 (Fla.2003), that the court might embark upon the road of exception, the Brannon court stressed that all sentencing errors must be properly preserved or brought to the attention of the trial court first via a rule 3.800(b) motion. Hence, the concept of fundamental sentencing error as a means to allow an unpreserved sentencing error to be raised for the first time on appeal and corrected by the appellate court has essentially been eliminated.[6] Accordingly, because he failed to properly object at the time of sentencing or bring the error to the attention of the trial court via a rule 3.800(b) motion, Hunsicker will have to assert the sentencing error in a rule 3.800(a) or rule 3.850 motion. See Brannon. We therefore affirm Hunsicker's sentences without prejudice to his right to seek appropriate postconviction relief. Lewis; Geri; Durr.

Conclusion
Hunsicker's convictions for lewd or lascivious molestation, lewd or lascivious conduct and lewd or lascivious exhibition do not violate double jeopardy principles. Because double jeopardy violations are considered fundamental error that may be raised for the first time on appeal, we reject the State's preservation of error argument. However, the State's preservation of error argument does have merit regarding the issue raised by Hunsicker concerning his dual sentences as a HO and PRR. Therefore, we are unable to decide that issue on the merits, and Hunsicker will have to raise it in an appropriate motion for postconviction relief. Accordingly, we affirm Hunsicker's convictions and sentences.
AFFIRMED.
PLEUS, J., concurs.
GRIFFIN, J., concurs in result only.
NOTES
[1] Hunsicker also appeals the denial of his petition for writ of habeas corpus wherein he requested a new trial based on an alleged Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), violation by the State. Specifically, Hunsicker claims that the State failed to disclose certain misconduct by a State's witness. The other issues Hunsicker raises are whether 1) it was error to deny his motion to suppress because his initial detention was unlawful and the trial court misapplied the inevitable discovery doctrine; and 2) the trial court abused its discretion by limiting cross-examination of a State's witness regarding pending charges against him for sexual abuse of a minor. We affirm as to each.

Hunsicker also asserts that the trial court erred in adjudicating him guilty of armed burglary. According to the judgment in the instant case, Hunsicker was adjudicated guilty of violating section 810.02(2)(a), Florida Statutes (2000), which specifically refers to burglary as a first-degree felony punishable by life imprisonment if the offender "makes an assault or battery upon any person...." The jury found Hunsicker guilty of burglary with an associated assault or battery and that appears to be reflected correctly in the written judgment. We, therefore, also affirm as to this issue.
[2] Although double jeopardy violations are fundamental errors, the courts have held that double jeopardy rights may be waived when a defendant enters into a negotiated plea agreement with the state for a specific sentence. See Novaton v. State, 634 So.2d 607 (Fla.1994); Barfield v. State, 871 So.2d 929 (Fla. 5th DCA 2004); Rosado v. State, 867 So.2d 440, 442 (Fla. 4th DCA 2004).
[3] See also Cruller v. State, 808 So.2d 201, 203 (Fla.2002) ("The Double Jeopardy Clause protects criminal defendants from multiple convictions and punishments for the same offense."); Hayes v. State, 803 So.2d 695 (Fla.2001); Taylor v. State, 29 Fla. L. Weekly D1040 (Fla. 2d DCA Apr.28, 2004); Dorsett v. State, 873 So.2d 424 (Fla. 3d DCA 2004).
[4] The version of section 800.04 prior to the 1999 amendments was entitled "Lewd, lascivious, or indecent assault or act upon or in the presence of child" and provided in pertinent part:

A person who:
(1) Handles, fondles, or assaults any child under the age of 16 years in a lewd, lascivious, or indecent manner;
(2) Commits actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sadomasochistic abuse, actual lewd exhibition of the genitals, or any act or conduct which simulates that sexual battery is being or will be committed upon any child under the age of 16 years or forces or entices the child to commit any such act;
(3) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years; or
(4) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years, without committing the crime of sexual battery, commits a felony of the second degree....
§ 800.04, Fla. Stat. (1997).
[5] In King, we applied this analysis to a defendant who, like Hunsicker, was charged with two counts of lewd or lascivious molestation for acts that occurred after the effective date of the amended version of section 800.04.
[6] The only exception, if it can be called that, is fundamental error arising from the facial unconstitutionality of a sentencing statute. Brannon v. State, 850 So.2d 452 (Fla.2003). This sentencing error may be raised for the first time on appeal. Id.