ORFINGER, J.
Kendal P. Cobb appeals his conviction of lewd act upon a child, which was alleged to be in violation of section 800:04(1), Florida Statutes (2012). He contends, and the State concedes, that the information neither referenced a statute that establishes a crime, nor set forth the essential elements of any substantive crime.[1] The State also concedes that the error is fundamental. The parties differ only on the relief to which Mr. Cobb is entitled. The State argues that a new trial is appropriate, whereas Mr. Cobb argues that he is entitled to be discharged.
*582 We conclude that discharge is appropriate. When a conviction is based on a nonexistent crime, a retrial is appropriate only on any lesser offenses instructed on at trial. See State v. Gibson, 682 So.2d 545, 546 (Fla.1996); see also State v. Brady, 685 So.2d 984 (Fla. 5th DCA 1997) (holding when defendant convicted of non-existent crime, remedy is retrial only on lesser offenses on which jury was instructed). Those lesser offenses not instructed on at trial cannot be the basis for a retrial. Gibson, 682 So.2d at 546. Here, no lesser offenses were submitted to the jury at trial. Hence, Mr. Cobb is entitled to discharge.
REVERSED and REMANDED.
BERGER and LAMBERT, JJ., concur.

. An earlier version of section 800.04(1), Florida Statutes (1998), provided that "[a] person who: (1) Handles, fondles, or assaults any child under the age of 16 years in a lewd, lascivious, or indecent manner ... without committing the crime of sexual battery, commits a felony of the second-degree....” That section of the statute was amended in 1999 to set forth definitions only and no substantive crimes.